[No. 3272.]

# E. R. CARPENTIER *v.* CHARLES J. BRENHAM
## ET AL.

PRAYER FOR RELIEF IN COMPLAINT.—Under a prayer for general relief, no relief can be granted in equity beyond that which is authorized by the facts stated in the bill.

BILL TO REDEEM FROM PRIOR MORTGAGE SALE.—If the owner executes two mortgages upon the same land, and the prior mortgagee enforces his mortgage in equity, without making the junior mortgagee a party defendant, and purchases the property at the sale, and receives a sheriff's deed, the junior mortgagee may file a bill to redeem; but if his complaint contains only the usual averments in an action to enforce a mortgage, and makes no reference to the prior mortgage, sale, and purchase, the court cannot enter a decree authorizing him to redeem.

AMENDMENT TO COMPLAINT.—If, at the close of a trial, the court asks the plaintiff if he desires to amend his complaint to make it conform to the proofs, and he declines to amend, and the court announces that if it becomes necessary, it will, of its own motion, amend the complaint to make it conform to the case made, and the suit is decided against the plaintiff and no amendment is made, the plaintiff cannot afterwards be allowed to treat the complaint as amended.

FORM OF PLEADINGS.—A court cannot determine a case without regard to the form of the pleadings.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 23d day of March, 1855, B. C. Sanders and defendant Brenham owed S. Moss, Jr., the sum of fifty thousand dollars, and gave him their note, with interest at three

per cent. per month, and, to secure the note, mortgaged to him $\frac{225}{1001}$ parts, undivided, of a part of the Rancho San Antonio, in the town of Oakland, county of Alameda. The note and mortgage were soon assigned to J. Mora Moss. On the 26th day of October, 1855, said Sanders and Brenham mortgaged the same land to Catharine Hayes, to secure to her the payment of the sum of thirty-five thousand dollars. Moss commenced an action to enforce his mortgage, on the 1st day of December, 1855, but said Hayes was not made a party defendant. On the 22d day of December, judgment was rendered in the action, and an order of sale having been issued, the sheriff sold the property to J. Mora Moss, on the 9th day of February, 1856, for the sum of twenty-five thousand dollars, and no redemption having been made, Moss, on the 4th day of September, 1857, received a sheriff's deed. On the 25th day of April, 1860, said Hayes commenced this action to enforce her mortgage. There were a large number of defendants who claimed under Moss. During the pendency of the action, Mrs. Hayes died, and the action was continued in the name of E. R. Carpentier, the administrator of her estate. The court below rendered judgment for the defendants. The plaintiff appealed.

The other facts are stated in the opinion.

*W. H. Patterson and Clarke & Carpentier,* for the Appellant.

*S. Heydenfeldt,* also for the Appellant.

*E. R. Carpentier,* also for the Appellant.

*John W. Dwinelle, Wm. H. Glascock, Williams & Thornton, H. P. Irving, and J. B. Harmon,* for the Respondents.

By the Court, CROCKETT, J.:

When the case was here on the former appeal, we decided that after Moss had acquired the title of Brenham under the foreclosure proceedings, the only right of Catharine Hayes, the junior mortgagee, was to redeem from the prior mortgage, which in a court of equity would be deemed to be a

subsisting and valid mortgage lien, for the protection of Moss and those claiming under him. (40 Cal. 221.) That ruling has become the law of the case, and its correctness cannot be questioned in any subsequent stage of the action. The first point, therefore, to be considered on the present appeal is, whether this is or can be deemed to be a bill to redeem in such sense as to entitle the plaintiff to that form of relief. On its face it purports to be simply a bill to foreclose the junior mortgage. It contains no reference whatever to the prior mortgage, nor to the proceedings had to foreclose it. It does not admit that Moss, and those holding under him, have any prior lien by mortgage, or otherwise, upon the mortgaged premises. On the contrary, the only averment in that respect is, that the defendants "have or claim some interest in the said mortgaged premises, or in some part thereof, as purchasers, mortgagees, or otherwise, which interest, if any, the plaintiff alleges was acquired with notice of said mortgage (the Hayes mortgage), *and is* subject thereto." The prayer is that "the usual decree may be made for the sale of the mortgaged premises aforesaid," and that Brenham, the mortgagor, be decreed to pay the deficiency, if any there be, after exhausting the mortgaged property, and that the defendants and all other subsequent incumbrancers be barred of their equity of redemption. This is followed by a prayer for general relief. The argument on the rehearing has convinced me that this is not, and cannot in any just sense, be deemed to be a bill to redeem. It purports to be nothing more than the usual bill to foreclose a mortgage; and instead of recognizing the rights of the prior incumbrancers, and praying to be allowed to redeem from them, or what would be substantially the same thing, that the mortgaged premises be sold and the proceeds applied toward the satisfaction of the two mortgages in the order of their priority, this bill wholly ignores the rights of those holding under the Moss mortgage, as prior incumbrancers, and asks in effect that they be excluded from any participation in the proceeds of the sale. To term this a bill to redeem, is to disregard utterly the well-known meaning of a legal phrase, as familiar as any other to the profession. In

this State, however, where we have but one form of action, it is only necessary to state in the complaint the *facts* which show that the plaintiff is entitled to relief, and the court will afford such relief as the party is entitled to on the facts alleged, if they be proved, but none other. In his work on Equity Pleading, section 257, Judge Story states the rule in these words: "Every fact essential to the plaintiff's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue unless charged in the bill, and of course no proofs can be generally offered of facts not in the bill; nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, for the court pronounces its decree *secundum allegata et probata.*"

It is unnecessary to cite further authorities on a proposition so familiar to the bench and bar. Tested by this rule, what relief can the court administer on the *facts* stated in the complaint? Could it possibly do more than enter a decree foreclosing the plaintiff's mortgage in the usual form, with a judgment against the mortgagor for the deficiency, and barring the equity of redemption of suit of such of the defendants as are *subsequent* incumbrancers? It is clear, beyond cavil, that no other relief could be granted on the facts alleged. It is equally clear that the prayer for general relief cannot aid the plaintiff. In courts of equity the rule is universal, that under the prayer for general relief no relief can be granted beyond that which is authorized by the facts stated in the bill; and to the same effect is our statute. Section 157 of the Practice Act, in force when this action was tried, is in these words: "The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." Applying this rule to the present case, the complaint states no facts which would authorize the court to grant any relief except to foreclose the mortgage, with a judgment against the mortgagor for the deficiency,

and a decree barring the equity of redemption of subsequent incumbrancers.   But a decree authorizing the plaintiff to redeem from the prior mortgage, or directing the mortgaged premises to be sold and the proceeds applied towards both mortgages in the order of their priority, would have been a relief inconsistent with the case made by the complaint and not embraced within any issue which was or could have been framed upon its averments.   To justify such a decree, the court would have been compelled to rely upon a state of facts not averred, or in any manner referred to in the complaint.   To do this would directly contravene the rule stated by Judge Story, that no relief can be granted "for matters not charged, although they may be apparent from other parts of the pleadings, and evidence;" and the court would not have pronounced its decree *secundum allegata et probata*.   But it is unnecessary to prolong the discussion of a proposition which is, apparently, so free from doubt.   My conclusion is that this is in no sense a bill to redeem, and that under its averments, the court has no power to grant relief in that form.

It is unnecessary to determine whether it would have been competent for the plaintiff, by suitable amendments at the proper time, to convert it into a bill to redeem.   That question is not before us; but it appears from the record, that at the trial, the court "asked the plaintiff's counsel if they desired to amend their pleadings to conform them to the proofs.   The plaintiff's counsel declined to make any amendment at the time, and the court said it would determine the case without regard to the form of the pleadings; and if it should become necessary, would, of its own motion, amend them to conform to the case made and to cover the merits of the controversy; that the court would amend, itself, if any rights would otherwise be lost to the plaintiff by his failure to amend."   But no amendment was in fact made, nor does it appear that at any subsequent time the plaintiff asked leave to amend.   The court then proceeded to render a judgment for the defendants, but on what particular ground does not appear in the record.   The presumption, however, is that it was on some ground not inconsistent

with the assumption that the complaint was to be treated as a bill to redeem. But however this may be, it is clear that the court could not properly "determine the case without regard to the form of the pleadings;" and if it be conceded that after the plaintiff had declined to amend, it would have been competent for the court to compel an amendment, against the will of the plaintiff, it is sufficient for the purposes of this decision that no amendment was in fact made. A plaintiff who declines to amend his pleading when offered the opportunity to do so, cannot afterward be allowed to treat it as amended, when no amendment has in fact been made. But, independent of what has been said, this Court will not amend the complaint, or order it to be amended, if for no other reason than because the failure of the court below to amend was not made ground for a new trial, as operating a surprise or as misconduct.

Order denying new trial affirmed. Remittitur forthwith.

McKINSTRY, J., concurring specially: I concur in the judgment.

Mr. Chief Justice WALLACE, being disqualified, did not participate in the decision of this cause.