[No. 1180.]

## THE ORR WATER DITCH COMPANY, Respondent, *v.* THE RENO WATER COMPANY, Appellant.

PLEADINGS CONSTRUED — ACTION TO RECOVER DAMAGES FOR BREACH OF CONTRACT. — *Held*, that the averments in the complaint that the money expended in repairing a ditch was paid by plaintiff "to defendant's use," and that "the defendant promised to pay the same," may be treated as surplusage, and that, without these words, the facts alleged in the complaint constituted a cause of action to recover damages for breach of contract. (Belknap, C. J., dissenting.)

IDEM — UNNECESSARY AVERMENTS. — A complaint showing a good cause of action is not bad because of unnecessary averments contained in it.

BREACH OF CONTRACT — FAILING TO REPAIR DITCH — MEASURE OF DAMAGES. — In an action for breach of contract, in that the defendant failed to keep plaintiff's ditch in repair after promising to do so in his contract, the proper measure of damages is the money paid by plaintiff for the repairs which such failure by defendant rendered necessary.

EVIDENCE — WHEN RECEIPT OF CORPORATION IS ADMISSIBLE. — A receipt issued in the name of a corporation, and signed by a party who owned all the stock, is admissible in evidence, when the claim is made that the corporation was not doing business at the time such receipt was signed, and had no agent, as it tended to support plaintiff's claim that defendant did business during the years mentioned.

IDEM — ADVERTISEMENT — COLLECTOR UNDER CONTROL OF SOLE STOCKHOLDER. — An advertisement signed by a collector, under the instruction of a party who held all the stock and controlled the affairs of the corporation, is also admissible in evidence for the same reason.

NOTICE — ESTOPPEL. — A party cannot render himself unable to receive a notice, and then be heard to complain because notice is not given.

FINDINGS OF COURT — SUPPORTED BY EVIDENCE. — *Held*, that the finding that the defendant received all the benefits of the contract is correct.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

*Clarke & King*, and *Pierce Evans*, for Appellant:

I. Plaintiff can have no relief not warranted by the pleadings. (1 Comp. Laws, 1211; *Marshall* v. *Golden Fleece*, 16 Nev. 156, 173, 174; *Martin* v. *Matfield*, 49 Cal. 44; Bliss on Code Pl., sec. 164; *Corry* v. *Gaynor*, 21 Oh. St. 277; *Swan* v. *Smith*, 13 Nev. 260.) He must recover according to the case made by the complaint, or not at all. The proofs must cor-

respond with the pleadings. No recovery can be had upon the proofs alone.

II. The complaint in this case is in form and substance for " money paid to the use and benefit of appellant." It contains a statement of all the facts essential to this form of action, and omits facts indispensable to any other form. It alleges the ultimate facts: The payment of money for appellant's use and benefit, the promise of appellant to pay the same, and refusal to make such payment. These are the essential and sufficient averments in an action for money paid. (Nash. Pl. Pr. 142; Van Stantwood's Pl. 429.) The action is not to recover damages for breach of the contract. The complaint is wholly insufficient in such an action. It omits the averment of " damages," and fails to state any equivalent facts.

III. Treating the complaint as one upon contract to recover damages for breach, it is wholly unsupported by the evidence. There is no averment of damages. There is no evidence of damages which can be recovered in an action upon the contract for breach. It does not appear that respondent was injured. It does not appear that respondent had use for the ditch or water, or was entitled to any use, or that the ditch carried any water in excess of appellant's rights therein. No notice was given to appellant that the ditch required cleaning, nor was any demand made upon appellant to clean the ditch, or pay the sum expended in that behalf. It does not appear that the sum paid for labor and material was the reasonable and proper cost of cleaning the ditch. The proof admitted was incompetent to support an action for damages.

The evidence did not tend to show that respondent ever paid any money that could have been originally demanded of appellant, or that it was in any way liable for. One cannot by a voluntary payment of another's debt make himself the creditor of that other. (*Hassinger* v. *Solms,* 5 S. & R. 9; *Vanderheyden* v. *Mallory,* 1 Coms. 472; *Chappellear* v. *Harrison,* 1 Gill & J. 479; *R. G. Factory* v. *Reid,* 5 Cow. 603; *Moulton* v. *Loux,* 52 Cal. 81; *Beach* v. *Vandenburg,* 10 Johns. 361; *Thompson* v. *Button,* 14 Johns. 87; *Smith* v. *Crocker,* 2 Root, 84; *Weakley* v. *Brahan,* 2 Stew. 500; *Rumney* v. *Ellsworth,* 4 N. H. 138; 2 Green. Ev., sec. 114, note 4.)

V. Respondent had no action or right of recovery against

appellant, either upon the contract for damages or for money paid.

VI. It was manifest error to admit the acts and declarations of Geo. B. Hill to bind appellant. Hill was not an officer or agent of appellant, or in any manner authorized to act for it. He was acting "independent of the corporation upon his own authority, and for his own sole benefit."

VII. The evidence shows without any conflict that Geo. B. Hill had the benefits of the contract, and that the only demand made was upon Hill.

*W. E. F. Deal,* for Respondent:

I. The defendant was not dissolved, and it could not be dissolved so as to absolve itself from performing its contract. The fact that Hill owned all the stock did not affect the corporation. It could only be dissolved by expiration of its life under its charter, or by proceedings taken for that purpose. (*Russell* v. *McLellan,* 14 Pick. 69; *Pratt* v. *Bacon,* 10 Pick. 126; Ang. & Ames on Corp., secs. 77, 773; Cooley's Con. Lim. 289, 290; 1 Dillon on Mun. Cor., sec. 114.)

II. The allegation that the money paid out was paid to defendant's use, and that defendant promised to pay the same, if necessary, could be treated as surplusage. (*Richardson* v. *Jones,* 1 Nev. 405; *Williams* v. *Glasgow,* 1 Nev. 533; *Huguet* v. *Owen,* 1 Nev. 466; *McManus* v. *Ophir S. M. Co.,* 3 Nev. 15.)

III. There was no necessity of alleging damages. The fact that it was the duty of defendant to repair the ditch, and that plaintiff was compelled to keep the same in repair, and did keep the same in repair, and pay out the money for defendant's use, are sufficient to import damages.

IV. Whatever defect there was in the form of the complaint was cured by the answer and by the judgment. (Bliss on Code Pl., sec. 438.)

It was within the discretion of the court below to grant the relief it did grant by its judgment. (*N. C. and S. C. Co.* v. *Kidd,* 37 Cal. 304.)

The plaintiff may be allowed any judgment to which, upon the allegations and proofs, he is entitled to, either at law or in equity. (*Armitage* v. *Pulver,* 37 N. Y. 494; *Jones* v. *Butler,* 20 How. Pr. 189; *Jones* v. *Butler,* 30 Barb. 641; *N. Y. I. Co.* v. *N. W. I. Co.,* 23 N. Y. 357; *N. Y. I. Co.* v. *N. W. I. Co.,* 12 Abb. Pr.

414; *N. Y. I. Co.* v. *N. W. I. Co.*, 21 How. 296; *Wright* v. *Hooker*, 10 N. Y. 51; *Scott* v. *Pilkington*, 15 Abb. 280; 34 N. Y. 346; *Simmons* v. *Eldridge*, 29 How. Pr. 309.)

By the Court, LEONARD, J.:

Under the laws of this state plaintiff was incorporated December 20, 1875, and defendant, June 6, 1874. It is alleged in the complaint that heretofore, to wit, on or about the twentieth day of March, 1875, the said defendants, by its officers in such behalf duly authorized, contracted in writing to keep in repair, at its own proper cost and expense, that certain water-ditch of the plaintiff, known as the " Orr Ditch," in consideration of the use, for à specified period, of a portion of the water flowing and to flow through such ditch; that during the years 1876, 1877, 1878, and 1879, and prior to the fourteenth day of June of said last-mentioned year (defendant) utterly failed and neglected so to do; and plaintiff was compelled to repair said ditch, and was compelled to pay, and did pay, in and about the repairing of said ditch, and for the preservation thereof, to defendant's use, large sums of money, amounting, in the aggregate, to eleven hundred and thirty-eight 65-100 dollars in United States gold coin, which defendant promised to pay; that defendant has not paid the same or any part thereof.   Judgment for eleven hundred and thirty-eight 65-100 dollars was demanded, besides interest and costs.

Defendant denied all the allegations of the complaint, and for further answer alleged the making of the contract for March 16, 1875, whereby plaintiff's grantors and plaintiff bound themselves to furnish to defendant twenty-five inches of water for fifty years; that said contract was still void and existing between plaintiff and defendant; that defendant had fully performed said contract on its part, but plaintiff had failed to furnish water as agreed, to defendant's damage in the sum of fifteen hundred dollars, for which sum it asked judgment against plaintiff.   Plaintiff recovered judgment for eight hundred and thirty-one 45-100 dollars, and this appeal is from the judgment, and the court's order overruling defendant's motion for a new trial.

The court found that on March 16, 1875, and until after the incorporation of the Orr Water-ditch Company, the grantors of

plaintiff were the owners of the water-ditch known as the Orr ditch, with certain rights and privileges; that on the sixteenth day of March, 1875, plaintiff's grantors made a contract in writing with the defendant, by the terms of which the owners of the ditch and water above named, granted, bargained, sold, and released to the defendant and its assigns, for their use and benefit for fifty years, to flow continuously, twenty-five inches of water; that in consideration of such sale defendant contracted, among other things, to keep the ditch in good order and repair between certain points stated, and also that said owners and their assigns might divert the water from said ditch for a reasonable time for the purpose of enlarging the same, whenever the said owners might elect so to do, but for no other purpose; that after the making of said contract, and after plaintiff was duly incorporated, the owners of said Orr ditch, water-rights and privileges thereto appurtenant, and their grantors and assigns, sold and assigned, by a good and sufficient deed, all their right, title, and interest in and to said ditch, water-rights, privileges, and appurtenances, to plaintiff, which, ever since, has been and now is the owner thereof; that plaintiff and its grantors fully performed their part of said contract; that defendant received all the benefits of said contract from March 16, 1875, until the commencement of this action; that, during the time mentioned in the complaint, defendant wholly failed to keep any part of said ditch in good or any order or repair; that repairs were necessary in each of the years stated, in order that the ditch might carry water; that plaintiff duly demanded of defendant that it should make the necessary repairs; that defendant neglected and refused to make the same, and plaintiff was compelled to make them, in order that the ditch might be used, and, in so doing, paid out eight hundred and thirty-one dollars and twenty-five cents, no part of which has been paid, although payment has been demanded; that, by reason of the premises, plaintiff has been damaged in the sum just stated.

Many of the errors urged by appellant rest upon the claim that this is an action of *assumpsit*, for money paid to the use and benefit of defendant, and not an action to recover damages for breach of contract. It is claimed that the complaint is insufficient to sustain an action for damages.

The Code provides that the complaint shall contain a state-

ment of the facts constituting the cause of action, in ordinary and concise language; and the court may grant plaintiff any relief consistent with the case made by the complaint and embraced within the issue. (Comp. Laws, 1102, 1211.) The material facts alleged by plaintiff are that defendant contracted to keep the ditch in repair, but failed and neglected to do so; that plaintiff was compelled to do what defendant had agreed to do, for the preservation of its property, and to pay therefor the sum of eleven hundred thirty-eight 65-100 dollars, which sum has not been paid by defendant. The allegations that the money was paid by plaintiffs " to defendant's use," and that " the defendant promised to pay the same," may be treated as surplusage. Without those words the facts alleged in the complaint constitute a cause of action for damages for breach of contract.

In *Byxbie* v. *Wood*, 24 N. Y. 610, the court said: " Having money that rightfully belongs to another creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise; and the action always sounds in contract. Under the code this implied promise is treated as a fiction, and the facts (out of which the prior law raised the promise) are to be stated without any designation of a form of action, and the law gives such judgment as, being asked for, is appropriate to the facts. Of course, we cannot now say that a particular phrase makes a particular form of action, so that a party, by its use, may shut himself out from the remedy which his facts would give him."

And in *Wright* v. *Hooker* it is said: " I think these allegations are sufficient to sustain the judgment of the court that Hooker became liable as one of the drawers of the bill in suit. It is true that it would appear that the person who drew the complaint contemplated that Hooker would be held liable in some other capacity. But that is immaterial. The very object of the new system of pleading was to enable the court to give judgment according to the facts stated and proved, without reference to the form used, or to the legal conclusions adopted by the pleader." (10 N. Y. 51.)

A good cause of action is not destroyed by adding immaterial matter, and a party is not estopped or concluded by a mistaken averment of law in his pleading. (*Union Bank* v. *Bush*, 36 N.

Y. 636, 637; and see *Marquat* v. *Marquat*, 12 N. Y. 341; *Eno* v. *Woodworth*, 4 Comst. 253.[1])

It is true, plaintiff did not allege in terms that it had been damaged in the sum paid out, but, from the facts stated in the pleadings, the law presumes damages. Plaintiff was limited to a reasonable and necessary amount paid out for keeping the ditch in repair, since no other injury was pleaded. Upon the facts alleged and proven, the proper measure of damages was the money paid for necessary repairs. (*Green* v. *Mann*, 11 Ill. 614.)

It was not error to admit in evidence the water receipts of defendant for the years mentioned in the complaint. One of the issues raised by defendant, whether it constituted a defense or not, was that it did no business and had no agent between April 4, 1876, and August 13, 1879. These receipts, together with the testimony admitted in connection therewith, tended to support plaintiff's claim that defendant did business during the years mentioned, as it did in 1875, and that it received the benefits arising from the contract set out in the pleadings. The same is true of the receipts of 1880. They, in connection with the receipts for 1876–1879, tended to show that the corporation furnished water during the time mentioned in the complaint the same as it did before and after. (*Newton Manufacturing Co.* v. *White*, 42 Ga. 149.) And our conclusion is the same in relation to the advertisement published in the *Nevada State Journal*, signed by C. A. Richardson, collector. The receipts were issued by Hill, the owner of all the stock, who controlled the affairs of the corporation as he pleased. They were issued in the name of the corporation, and to them were appended its rules. The advertisement was inserted by an agent employed by and acting under Hill's instructions.

The court did not err in refusing to strike out plaintiff's testimony, showing demands and notices served upon George B. Hill, Smith Hill, Hoyt, and Richardson, to repair and clean out the ditch. The facts material to this question are these: The corporation defendant elected trustees in March, 1876. In April following, George B. Hill purchased all the stock, and assumed possession and control of the property of the corporation. But the corporation was not dissolved in the manner prescribed by law. (2 Comp. L. 3410.) The trustees did not resign, but between April 21, 1876, and June 14, 1879, did not

---

1   53 Am. Dec. 510.

pretend to act in an official capacity, and, for the reasons stated in *Orr W. D. Co.* v. *Reno W. Co.*, 17 Nev. 171, were not trustees *de jure* or *de facto.* George B. Hill controlled the property and carried on the business as it had been done, and as it was done afterwards, by himself and agents employed by him. But, although he managed the business as he pleased and for his own benefit, as the owner of all the stock, it was done in the name of the corporation. Water bills were made out in the name of defendant. Water consumers were required to comply with rules of the corporation. The water-works were assessed to the corporation.

The motion to strike out was made upon the ground that the notices were given to persons who were not shown to have been agents or officers of defendant, and that notice to such agents or officers only could bind it. We have said that the corporation was not dissolved in the manner prescribed by statute. It was not dissolved or relieved from its corporate liabilities and responsibilities by a concentration of its stock in the hands of Hill. (*Newton Manuf'g Co.* v. *White, supra.*) Although Hill owned all the stock, and there were no lawful trustees, still the corporation existed as a legal entity, and with it, not with Hill, plaintiff had to deal. (*Russell* v. *McClellan*, 14 Pick. 69; Ang. & A. on Corp., 10th ed., sec. 771.)

If notices were necessary, they had to be given to the corporation through its proper officers, if such it had. If it had them not, plaintiff should not be compelled to suffer for defendant's fault. Defendant had power to enter into the contract in question, and plaintiff's right of action for its breach continues until the liability is discharged. Defendant cannot render itself unable to receive notice and then be heard to complain because notice is not given. But Hill was the only party in interest, and if he and the persons employed by him were not agents of defendant, then it had none. The evidence shows that plaintiff gave all the notice it had power to give, and under the circumstances we are satisfied the court did not err in finding that plaintiff duly demanded of defendant that it should make the necessary repairs.

Objection is made, also, to the finding that the defendant received all the benefits of the contract from March 16, 1875. We are not prepared to admit that this finding was necessary in order to establish defendant's liability; still it is correct. It

is said that Hill received the benefits of the contract, because he owned the stock, and managed the property and business upon his own authority and for his sole benefit. But he did so only by reason of his ownership of the stock. The title to the real and personal property was in the corporation. The right, under the contract, to use the twenty-five inches of water was in defendant. Primarily, the benefits accrued to the defendant, and secondarily to Hill, because he owned all the stock. Hill took all the profits, because no one else had any stock. If his right to use the water from plaintiff's ditch had been questioned, he would have had to produce his stock as the foundation of his title. He had no other.

The judgment and order appealed from are affirmed.

Belknap, C. J., dissenting:

The only cause of action set forth in the complaint is in *assumpsit*, for money paid for the use of the defendant. No evidence was introduced tending to sustain this cause of action, but the plaintiff recovered judgment for the damages which, upon the proof, it appeared to have sustained by reason of defendant's failure to keep a water-ditch in repair. The statute provides that if the defendant has answered, the court may grant any relief consistent with the case made by the complaint, and embraced within the issue. But the right upon which the plaintiff recovered is distinct from that averred in the complaint, and is not embraced within the issue. " For no facts are properly in issue unless charged in the bill, and of course no proof can be generally offered of facts not in the bill; nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, for the court pronounces its decree *secundum allegata et probata.*" (Story's Eq. Pl. sec. 257; *Carpentier* v. *Brenham*, 50 Cal. 549.)

I cannot adopt the suggestion that the words "to defendant's use," and " the defendant promised to pay the same," be treated as surplusage, because they are material to the cause of action pleaded. For these reasons I dissent from the judgment.