OLIVER, Administrator, etc., v. BLAIR and Others.

No. 8809; November 25, 1885.

8 Pac. 612.

**Equity—Relief Granted Under Prayer for General Relief.**—In courts of equity, if the specific relief asked cannot be granted, such relief as the case stated in the bill authorizes may be had under a prayer for general relief; but under such prayer no relief can be granted beyond that which is authorized by the facts stated in the bill.

APPEAL from Superior Court, City and County of San Francisco.

W. S. Goodfellow for appellant; W. M. Pierson, A. Compte, Jr., and Joseph Naphtaly for respondent.

FOOTE, C.—A rehearing was granted to Henry Coubrough, one of the defendants herein. An examination of the record, petition for rehearing, and authorities, convinces us that the opinion delivered by Department 2 of this court, on the thirtieth day of April, 1885, was in all respects correct: Oliver v. Blair, ante, p. 472, 6 Pac. 847.

The complaint upon which default was taken against Coubrough stated facts amply sufficient to support the judgment. After asking for certain specific relief, the prayer of that pleading concludes as follows: "And for such other or further and different relief in the premises as shall be just and equitable, and for the costs of this action."

The action was equitable in its nature. In Carpentier v. Brenham, 50 Cal. 552, it is said: "In courts of equity the rule is universal that under the prayer for general relief no relief can be granted beyond that which is authorized by the facts stated in the bill; and to the same effect is our statute"; meaning thereby section 147 of the Practice Act, which was in force when the action was tried, the language of which is identical with that of section 580 of the Code of Civil Procedure. In Rollins v. Forbes, 10 Cal. 300, where a default was taken, this authoritative declaration was made: "If the specific relief asked cannot be granted, such relief as the case stated in the bill authorizes may be had under the clause in the prayer for general relief; and even in the absence of such clause, where an answer is filed: Practice Act, sec. 147."

The judgment should be affirmed.

We concur: Searls, C.; Belcher, C. C.

By the COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.