[No. 15519.     Department One.—January 3, 1895.]

# E. R. MERRIMAN, RESPONDENT, v. J. A. WALTON ET AL., APPELLANTS.

FRAUD IN PROCURING JUDGMENT — INJUNCTION — SUFFICIENCY OF COMPLAINT—ACTION TO SET ASIDE JUSTICE'S JUDGMENT.—An action will lie to perpetually enjoin the execution of a justice's judgment against the plaintiff or his property where the complaint shows that the judgment was obtained by fraud practiced upon the plaintiff by the attorneys of the defendant, who was plaintiff in the justice's court, with the assistance of the justice, and that the fraudulent judgment was concealed from the plaintiff, and that the plaintiff first learned that it had been entered against him after the time for appeal had expired, and that relief had been sought against the judgment and denied in the justice's court.

ID.—EQUITY—CODE PROCEDURE—FORM OF ACTION—RELIEF AGAINST JUDGMENT.—Where legal and equitable relief is dispensed in different tribunals a court of equity will not grant relief against a judgment when

the same relief can be obtained by the aid of the court that rendered the judgment; but, under the system of procedure that obtains in this State, where the various kinds of relief are administered by the same tribunal, and where there is but one form of civil action for the enforcement or protection of civil rights, a party who presents a complaint showing his right to the relief asked is not to be denied that relief because he might have sought it under a different form of action.

ID.—DENIAL OF RELIEF IN COURT WHERE JUDGMENT WAS RENDERED.— The rule under which a court of equity declines to interfere until after an application for relief has been made to the court in which the judgment was rendered has no application when relief has been sought and denied in that court; and the denial of that court to grant that relief gives to a court of equity the same authority to interfere as if the other court was powerless to render aid.

ID.—MOTION TO OPEN JUSTICE'S JUDGMENT—VACATION OF ORDER GRANTING MOTION—APPEAL.—Where a motion made in the justice's court to open the judgment procured by fraud was granted, but, on the following day, the justice, without notice to the plaintiff or his attorney, vacated the order, his subsequent action in vacating the order is equivalent to a denial of the motion, and from this order there was no appeal to the superior court, and equity will relieve against the judgment.

ID.—REMEDY—CERTIORARI—INJUNCTION.—Even if the plaintiff could have had the judgment annulled upon *certiorari*, he was not compelled to resort to that remedy, especially where he would not thereby obtain as effective relief as by an action to enjoin the execution of the judgment.

ID.—PARTIES—CODEFENDANT.—A codefendant against whom the judgment was rendered in the justice's court need not be a party to an action to restrain the judgment so far only as affects the plaintiff and his property, the judgment against the codefendant being left in full effect, to be enforced at any time.

APPEAL from a judgment of the Superior Court of Napa County.

The facts are stated in the opinion of the court.

*Gesford & Thompson,* for Appellants.

It is the well-settled rule in this state that, if a judgment be void for want of jurisdiction, the remedy against any attempt to enforce it is by motion in the court rendering it, to quash the execution and to stay the judgment. (*Comstock* v. *Clemens,* 19 Cal. 77; *Murdock* v. *De Vries,* 37 Cal. 527; *Gates* v. *Lane,* 49 Cal. 266; *Luco* v. *Brown,* 73 Cal. 3; 2 Am. St. Rep. 772.) The refusal of the court to arrest the execution was a special order made after final judgment, and as the code provides that an appeal may be taken "from any special order made

after final judgment," plaintiff's remedy was by an appeal from said order. (Code Civ. Proc., sec. 963, subd. 2; *Gilman* v. *Contra Costa County*, 8 Cal. 52; 68 Am. Dec. 290; *Comstock* v. *Clemens*, 19 Cal. 78; *Bond* v. *Pacheco*, 30 Cal. 530.) As no excuse is shown in the complaint for not appealing from the order refusing to quash the execution plaintiff is not entitled to maintain a separate and distinct action. The complaint shows no equity entitling him to relief in this proceeding, and it therefore fails to state facts sufficient to constitute a cause of action. (*Ketchum* v. *Crippen*, 37 Cal. 223; *Ede* v. *Hazen*, 61 Cal. 360; *Luco* v. *Brown*, 73 Cal. 3; 2 Am. St. Rep. 772; *Moulton* v. *Knapp*, 85 Cal. 385.) Plaintiff had an adequate remedy at law, if the court exceeded its jurisdiction, in a writ of *certiorari*, and therefore this action cannot be maintained. (Code Civ. Proc., sec. 1068; *Comstock* v. *Clemens*, 19 Cal. 78; *Jones* v. *Justice's Court*, 97 Cal. 523.) There is a defect in the parties to this action, as the co-defendant of plaintiff is not made a party, and no reason is alleged for such failure. (Code Civ. Proc., sec. 382; *Gates* v. *Lane*, 44 Cal. 396; *O'Connor* v. *Irvine*, 74 Cal. 443; *Harrison* v. *McCormick*, 69 Cal. 621.)

*Coghlan & Hutchinson,* for Respondent.

There is no appeal from the order made in the justice's court vacating the order staying execution. (Code Civ. Proc., secs. 974–80. See *Weimmer* v. *Sutherland*, 74 Cal. 341; *Gilman* v. *Contra Costa County*, 8 Cal. 52; 68 Am. Dec. 290; *Rickey* v. *Superior Court*, 59 Cal. 661.) The admitted facts show exactly and precisely a case in which courts of equity will interfere to stop the execution of a judgment obtained by fraud; and the complaint show equities entitling plaintiff to the relief granted by the superior court. (*United States* v. *Throckmorton*, 98 U. S. 61; *Sanford* v. *Head*, 5 Cal. 297; *Bibend* v. *Kreutz*, 20 Cal. 110; *Martin* v. *Parsons*, 49 Cal. 94; *Baker* v. *O'Riordan*, 65 Cal. 368; *Zellerbach* v. *Allenberg*, 67 Cal. 296–99; *California Beet Sugar Co.* v. *Porter*, 68 Cal. 369; *Thompson* v. *Laughlin*, 91 Cal. 313; *Dunlap* v. *Steere*, 92 Cal.

344; 27 Am. St. Rep. 143; High on Injunctions, secs. 199, 202.) As an appeal would lie from the judgment of the court below, a writ of *certiorari* would not have been the proper remedy as *certiorari* will not lie where there is an appeal. (Code Civ. Proc., sec. 1068; *Miliken* v. *Huber*, 21 Cal. 166; *People* v. *Shepard*, 28 Cal. 115; *Bennett* v. *Wallace*, 43 Cal. 25; *Faut* v. *Mason*, 47 Cal. 7; *Hoke* v. *Perdue*, 62 Cal. 545; *Golden Gate etc. Min. Co.* v. *Superior Court*, 65 Cal. 187; *Slavonic etc. Assn.* v. *Superior Court*, 65 Cal. 500; *Stuttmeister* v. *Superior Court*, 71 Cal. 322; *McCue* v. *Superior Court*, 71 Cal. 545; *In re McConnell*, 74 Cal. 217; *Gibson* v. *Superior Court*, 85 Cal. 216.) The writ of *certiorari* will not lie, even where the time for appeal has expired. (*Miliken* v. *Huber*, 21 Cal. 166; *Bennett* v: *Wallace*, 43 Cal. 25; *Faut* v. *Mason*, 47 Cal. 7; *Stuttmeister* v. *Superior Court*, 71 Cal. 322; *McCue* v. *Superior Court*, 71 Cal. 545.)

HARRISON, J.—The defendant, Walton, commenced an action against the plaintiff and another in a justice's court, and, after the defendants therein had answered the complaint, the justice set the case for trial on the 28th of February, but on the morning of that day it was agreed between the attorneys for the respective parties that the trial should be postponed, and that the cause should be transferred to another township. On the next day the attorneys for the plaintiff herein received a letter from the justice, purporting to have been written the previous day, in which he stated that the case was to be transferred to another township, and thereupon the attorneys for Walton agreed to take such steps as would be necessary to effect the transfer. Instead of so doing, however, they had on the previous day, without any knowledge on the part of the plaintiff herein, or of his attorneys, appeared before the justice and caused judgment by default to be entered by the justice against the defendants therein for the full amount asked for in the complaint. At the time that the justice wrote the above letter, and at the time of the

agreement on the part of Walton's attorneys to effect the transfer to another township, it was known to them that such judgment had been entered. Other interviews were subsequently had between the attorneys for the respective parties regarding the transfer of the cause, in which Walton's attorneys, for the purpose of misleading and deceiving the attorneys of the plaintiff herein, represented that they were seeking to effect the transfer of the cause, and in which they concealed the fact that the judgment had been entered, and by reason of their statements and deceptions the plaintiff herein did not learn that the judgment had been entered until more than thirty days after its entry, and when the time for an appeal therefrom had expired. Upon learning this fact the plaintiff herein moved the justice to set aside the judgment, and recall an execution that had been issued thereon, and on the 18th of April this motion was granted, but on the next day the justice, without any notice to the plaintiff herein, or his attorneys, vacated this order. Thereupon the plaintiff brought this action to perpetually enjoin Walton from enforcing the said judgment against him or his property. A demurrer to the complaint was overruled, and, the defendants declining to answer, judgment was rendered in favor of the plaintiff, from which this appeal has been taken.

The complaint shows that the judgment in the justice's court was obtained by a fraud practiced upon the plaintiff herein by the attorneys of Walton, with the assistance of the justice, in a manner which entitles the plaintiff to the equitable relief sought; and the appellant does not attempt to controvert the power of a court of equity to afford the relief sought by the plaintiff, but rests his defense upon the proposition that the plaintiff is not entitled to equitable relief if he could obtain the same relief at law. It is a familiar rule that a separate action to restrain the enforcement of a judgment will not be sustained when the same relief can be obtained through a motion or other pro-

ceeding in the action in which the judgment was obtained; and, in a jurisdiction in which legal and equitable relief is dispensed in different tribunals, a court of equity will not grant relief against a judgment when the same relief can be obtained by the aid of the court that rendered the judgment. But, under the system of procedure which obtains in this state, where the various kinds of relief are administered by the same tribunal, and where there is but one form of civil action for the enforcement or protection of civil rights (Code Civ. Proc., sec. 307), a party who presents a complaint showing his right to the relief asked is not to be denied that relief because he might have sought it under a different form of action. (See *Thompson* v. *Laughlin*, 91 Cal. 313.)

When the plaintiff learned that the judgment had been entered against him the time for an appeal had expired, and, even if the justice had the power to grant his motion to open the judgment, his subsequent action vacating this order was equivalent to a denial of the motion, and from this order there was no appeal to the superior court. The rule under which a court of equity declines to interfere until after the application for relief has been made to the court in which the judgment was rendered has no application when relief has been sought and denied in that court. The denial of that court to grant relief gives to the court of equity the same authority to interfere as if the other court was powerless to render aid.

Even if the plaintiff could have had the judgment annulled upon *certiorari*, he was not compelled to resort to that remedy, especially where he would not thereby obtain as effective relief as by the course herein pursued.

The objection that the codefendant of the plaintiff is not a party to this action is without merit. The judgment in the justice's court is restrained only so far as it affects the plaintiff herein and his property, leaving the

judgment against his codefendant in full effect, to be enforced at any time.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.