[L. A. No. 13443.   In Bank.—September 18, 1933.]

E. L. PASCOE, Appellant, v. H. H. MORRISON, Respondent.

Sanders & Jacques for Appellant.

P. A. Whitacre for Respondent.

WASTE, C. J.—By this action plaintiff seeks to have a written agreement for the exchange of real properties reformed and, as reformed, specifically enforced or, in the event specific performance cannot be had, an award of damages based on defendant's alleged failure to comply with the terms of the agreement. At the inception of the trial the defendant objected to the introduction of any evidence on the ground that the complaint fails to state a cause of action. This objection was sustained and from the judgment on the pleadings the plaintiff prosecutes this appeal.

Appellant does not contend that the agreement as executed is capable of specific performance. The very purpose of this action is to revise the instrument by adding thereto certain terms and conditions the absence of which is concededly fatal to its specific enforcement. We therefore direct our attention to the sufficiency of the complaint to state a cause of action for reformation. Section 3399 of the Civil Code provides that: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons in good faith and for value."

56

To state a case for the revision of a written instrument, it is therefore incumbent upon the pleader to show, by direct averment that, by reason of fraud practiced by one of the parties, or of the mutual mistake of the parties or of a mistake of one of them, which the other at the time knew or suspected, there were omitted from the instrument certain material terms and conditions. In other words, that the language of the writing failed, for some reason, to express the intention of the parties. (*Carr* v. *King*, 24 Cal. App. 713, 724 [142 Pac. 131]; *Auerbach* v. *Healy*, 174 Cal. 60, 63 [161 Pac. 1157].)

The complaint in the present case does not measure up to this requirement. Nowhere is it alleged that any of the terms of the exchange agreement were omitted from the written instrument by or through fraud or mistake of the parties or either of them. When this deficiency in the complaint was urged at the commencement of the trial by an objection to the introduction of any evidence, counsel for the plaintiff (appellant here) frankly admitted that he was unable to allege or prove that fraud or mistake had crept into the execution of the agreement. He conceded that the writing was intentionally executed in its present form and that none of its terms or provisions had been inadvertently or otherwise omitted. This being so, the complaint fails to state a cause of action for reformation under the above-quoted code section. (*Carr* v. *King, supra; Auerbach* v. *Healy, supra*.)

The courts will not resort to extrinsic evidence for the purpose of reading into a writing terms and conditions other than those intended to be included therein by the parties. We have no quarrel with the rule under which parol evidence is admitted to explain ambiguities in a writing. That principle is without application here. There is no ambiguity or uncertainty in the written provisions of the exchange agreement here involved. The writing is merely incomplete and so deficient in its terms as to preclude relief by way of specific performance. This alone does not warrant the introduction of extrinsic evidence to vary or add to an agreement concededly executed exactly as intended by the parties. The complaint therefore fails to allege, and appellant by his admissions indicates his inability to prove, a case for equitable interposition.

Respondent asserts that this is fatal to appellant's second cause of action for damages for breach of the agreement. In support thereof we are referred to *Morgan* v. *Dibble,* 43 Cal. App. 116, 122 [184 Pac. 704], wherein it is declared that a court of equity will not grant pecuniary compensation in lieu of specific performance, unless the case presented is one for equitable interposition. Reference is made to this rule in *Hansen* v. *Hevener,* 69 Cal. App. 337, 344 [231 Pac. 361], but it is there concluded that, ''In this state, so far as the form of action is concerned, a bill in equity is not distinguishable from an action at law. 'There is in this state but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs.' (Sec. 307, Code Civ. Proc.) As is said in the case of *Spect* v. *Spect,* 88 Cal. 437 [26 Pac. 203, 22 Am. St. Rep. 314, 13 L. R. A. 137], . . . 'Courts look to the substantial rights of the parties for the purpose of determining the remedy to which they are entitled, irrespective of the form of the complaint under which the remedy is sought.' It is only necessary that the complaint show a state of facts entitling plaintiff to some relief, and thereupon (assuming the evidence to justify it) the court will afford such relief without reference to the manner or form of the pleading. (*Carpenter* v. *Brenham,* 50 Cal. 549.) In the case of *Merriman* v. *Walton,* 105 Cal. 403 [38 Pac. 1108, 45 Am. St. Rep. 50, 30 L. R. A. 786], . . . the statement is made that 'under the system of procedure which obtains in this state, where the various kinds of relief are administered by the same tribunal, and where there is but one form of civil action for the enforcement or protection of civil rights, a party who presents a complaint showing his right to the relief asked is not to be denied that relief because he might have sought it under a different form of action.' . . . Speaking of the rule which in suits for specific performance formerly prevented an award of damages where the plaintiff either pleaded defendant's inability to specifically perform, or had knowledge of such inability, in the case of *Haffey* v. *Lynch,* 143 N. Y. 241 [38 N. E. 298], it is said: 'The rule has been modified since the code practice, which authorizes the joinder of legal and equitable causes of action; and, while the equitable relief will be denied in such a case, now the action will be retained, and

the issue as to the breach of contract and damages will be sent to the jury for trial.' . . . *In addition thereto the facts as pleaded, without reference to any question of specific performance, entitled plaintiff to damages;* and, as shown by the cases heretofore cited, the court was not only authorized, but it was its duty to grant such relief as the evidence warranted." (Italics ours.)

Though the written agreement here sued on is too indefinite to permit of its specific enforcement, in our opinion it is sufficiently certain and complete in its terms to warrant an action for damages for its breach. It is settled that " 'a greater amount or degree of certainty is required in the terms of an agreement which is to be specifically executed in equity than is necessary in a contract which is the basis of an action at law for damages. An action at law is founded upon a mere nonperformance by a defendant, and this negative conclusion can often be established without determining all the terms of the agreement with exactness. The suit in equity is wholly an affirmative proceeding. The mere fact of nonperformance is not enough; its object is to procure a performance by the defendant, and this demands a clear, definite, and precise understanding of all the terms; they must be exactly ascertained before the nonperformance can be enforced.' " (*Durst* v. *Jolly,* 35 Cal. App. 184, 190 [169 Pac. 449]; Pomeroy's Specific Performance of Contracts, 3d ed., sec. 159; 6 Cal. Jur. 220, sec. 145.)

The complaint in the present case, without any reference to the question of specific performance, adequately alleges, in a separate count, a cause of action for damages based on the respondent's breach of the agreement. In view of our simplified procedure, which admits of but one form of action and in which legal and equitable relief are administered by the same tribunal, it was incumbent on the court below to receive evidence addressed to the cause of action for damages and to grant such relief as the evidence warranted. (*Hansen* v. *Hevener, supra.*) This reasoning would appear to be in accord with the principle which recognizes that a plaintiff who has undertaken to avail himself of a remedy that he is not entitled to, is not thereby prevented from availing himself of a remedy that he is entitled to under the facts of the case. (*McGibbon* v. *Schmidt,* 172 Cal. 70, 75 [155 Pac. 460].) Appellant's abortive attempt to pro-

cure a decree specifically enforcing an agreement which, as we have seen, cannot be specifically enforced, should not of itself preclude him from obtaining relief by way of damages.

The judgment is reversed in so far as the cause of action for damages is concerned, and the cause is remanded, with directions to the court below to proceed to trial thereon.

Seawell, J., Thompson, J., Shenk, J., Preston, J., Langdon, J., and Curtis, J., concurred.