[L. A. No. 16410. In Bank.—March 24, 1938.]

AUSTIN M. FARNSWORTH et al., Respondents, v. CARRIE L. HUNTER, Appellant.

John H. Gordon for Appellant.

Richard F. Bailey and Ralph C. Curren for Respondents.

WASTE, C. J.—On January 28, 1936, defendant Carrie L. Hunter contracted to sell a lot owned by her in Los Angeles County to plaintiffs Austin M. and Mildred C.

Farnsworth, for the sum of $650. Plaintiffs paid $100 on account of the purchase price, and on March 17, 1936, tendered the balance. Defendant, however, refused to perform the contract on her part and convey the property. This action followed.

Plaintiffs' original complaint, filed April 7, 1936, alleged in addition to the above facts, that the property was particularly suited to plaintiffs' purposes, and that the specified price was its fair and reasonable value as of the date of the purchase contract. The prayer of the complaint was that defendant be ordered to specifically perform said contract, and for general relief.

An answer to this complaint was filed on behalf of defendant which, among other defenses, pleaded inadequacy of consideration. Upon trial of the cause evidence was adduced to show that the reasonable market value of the property was greatly in excess of the specified purchase price. From this evidence the court drew the conclusion that at the time the purchase contract was executed, and also on March 17, 1936, when it was breached by defendant, the property was of the reasonable market value of $1250; that therefore the agreed consideration was inadequate, and plaintiffs must be denied specific performance. Following this conclusion, the court, at the close of the evidence on August 14, 1936, ordered judgment for defendant with directions that the $100 paid by plaintiffs be returned to them, and ordered defendant's attorney to prepare findings. Before such findings were signed or entered, plaintiffs moved for permission to file an amended complaint to conform to proof. The motion was granted, and plaintiffs thereupon filed an amended complaint wherein they alleged that at the time of execution of the purchase contract, the reasonable value of the property was the specified purchase price, but at the time of breach of said contract the market value of the property was $1250, and that as a direct and proximate result of defendant's refusal to convey in accordance with said contract, plaintiffs were damaged in the sum of $600. The prayer of this amended pleading was for specific performance, or in the event plaintiffs were not entitled to that relief, for $600 damages for breach of contract.

Defendant demurred to the amended complaint, and also moved to strike the paragraph thereof containing the

allegation of damage. The court overruled the demurrer and denied the motion to strike. Defendant then filed an amended answer. On January 22, 1937, the cause was resumed for further trial on the amended pleadings. As it then appeared that no further evidence was required or offered, by consent of both parties the cause was ordered submitted for decision. On January 25th the court filed a memorandum decision, and ordered judgment for plaintiffs in the sum of $600, which order was followed by the entry of formal findings and judgment denying specific performance but awarding plaintiffs $600 and costs. Defendant appealed. The cause is now under submission on motion of plaintiffs to dismiss the appeal or affirm the judgment, and on the merits. It is our view that the judgment should be affirmed.

The contentions of appellant may be summarized in the statement that she claims that all proceedings had upon the reopening of the cause were erroneous, and that the trial court erred in allowing plaintiffs to file an amended complaint which, appellant contends did not in fact conform to proof but introduced a new and different cause of action, and prayed for new and additional relief.

Similar contentions were advanced in the case of *Peters* v. *Binnard,* 219 Cal. 141 [25 Pac. (2d) 834], and were found to be untenable. There the action went to trial on issues framed by a second amended complaint seeking damages for failure to cancel a note, and answer thereto. At the close of evidence, and while the cause was under submission, the trial court permitted the filing of a third amended complaint to conform to proof, which prayed for cancellation of the note, or damages. A motion to strike this amended pleading was denied, demurrer thereto overruled, and answer filed. Thereafter submission of the cause was set aside, further evidence taken, and the relief prayed by the amended pleading was granted. Discussing the questions raised on appeal as to the propriety of such procedure, this court said (219 Cal., at pp. 148, 149, 150): "It is contended that the trial court erred in its order authorizing the filing of the third amended complaint. This contention is largely based on the apparent change of remedies found in the third amended complaint, and on the ground that new issues were brought in by this complaint. . . . ██ It is, of course, elementary that the allowance or refusal of the trial court of permission to

file amendments to pleadings to make them conform with the proof is a matter largely in the discretion of the trial court, and its exercise ordinarily will not be disturbed in the absence of gross abuse. (*Armstrong* v. *Lassen Lumber & Box Co.,* 204 Cal. 529 [269 Pac. 453].) The third amended complaint did not bring in any new cause of action. A change by amendment from one kind of relief to another is not a change in the cause of action if the transaction is the same. (*Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414 [278 Pac. 1038].) Other than the change in remedy, the only new matter inserted in the third amended complaint was the change in the nature of the contract between Peters and the appellants, and that had been fully developed on the trial. Moreover, just how appellants were injured by permitting the new complaint to be filed does not satisfactorily appear. Assuming that new issues were thus introduced into the case, the trial court, after the new complaint had been filed and appellants had answered, permitted the taking of further evidence, and both sides introduced further evidence at some length. Appellants, therefore, had ample opportunity to present their evidence on any of these issues. . . . Appellants also contend that their demurrer to the third amended complaint should have been sustained. This contention is largely based on the theory that this complaint was for specific performance, and that the allegations contained therein are not sufficient to grant that relief. Some objection also seems to be made to the joining of a request for relief addressed to the law side of the court with a request for equitable relief. Under our system of code pleading it is elementary that a plaintiff may blend with an action at law a petition for ancillary equitable relief. It is also quite clear that where a party is entitled to legal and equitable relief the whole matter should be litigated and finally settled in the same action.'' (See, also, *Rosemead* v. *Shipley,* 207 Cal. 414 [278 Pac. 1038] ; *Pascoe* v. *Morrison,* 219 Cal. 54 [25 Pac. (2d) 9] ; note 22 Cal. Law Review, pp. 208 et seq.; 9 Cal. Jur. Supp., pp. 249, 250.)

In the present case there is no showing of abuse of discretion on the part of the trial court in allowing the amendment to conform to proof. Although no evidence was taken upon the reopening of the cause, nevertheless both parties were accorded the opportunity to produce further proof. Appel-

lant at that time could also have asserted her right to a jury trial on the issue of damages (see discussion 22 Cal. Law Review, pp. 216, 217, 218), but she chose to consent to submission of the cause. ■ It cannot be said that appellant was prejudiced by the fact that in order to establish inadequacy of consideration as a defense to specific performance, she was compelled to show a high value of the property and thus prove, by her own evidence, plaintiffs' right to damages. If appellant's evidence showing a value of $1250 was true and was offered in good faith, then plaintiffs were in fact damaged in the sum of $600, and appellant's rights were not prejudiced. If appellant's evidence was offered wrongfully and deliberately to prove a false high value for the purpose of defeating plaintiffs' right to specific performance, then appellant cannot complain that this same false evidence worked to her disadvantage in the matter of plaintiffs' claim for damages. If a litigant proves the fair value of property for one purpose, he suffers no prejudice by not being allowed to prove, for another purpose, a different fair value. To protect such tactics would be to invite and condone perjury. Furthermore, appellant's answer to plaintiffs' amended complaint admitted that the market value of the property on March 17, 1936, date of breach of contract, was $1250.

■ Appellant pleaded, as further defenses to plaintiffs' claim, incompetency and undue influence. The trial court found against her on these issues. It found that the purchase contract was consummated as the result of negotiations between plaintiffs and a real estate agent representing appellant, and that plaintiffs never saw or talked with appellant until after execution of said contract. It further found that appellant, a widow 79 years of age, was in normal physical condition, was fully competent to understand business transactions, and completely understood the character, extent, and nature of the contract into which she entered with plaintiffs. The evidence fully supports these findings. Appellant herself took the witness-stand and her testimony, in our opinion, would warrant no other conclusion than that she was competent at the time of the transaction here involved.

■ The amount of damages awarded to plaintiffs is eminently fair. While it gives them the difference in value

of the property, it does not refund to them the sum of about $100 which they paid on the purchase contract. The evidence establishes the fact that appellant's failure to perform said contract was without cause. The findings and judgment of the trial court have effected substantial justice between the parties.

The judgment is affirmed.

Curtis, J., Edmonds, J., Langdon, J., Shenk, J., Houser, J., and Seawell, J., concurred.