**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS GALLAGHER; SHELLY
GALLAGHER,

        Plaintiffs - Appellants,

  v.

TERRY J. HOLT, now known as Terry
Jan Mace; JERRI A. WELLS, now known
as Jerri A. Carsello,

        Defendants - Appellees.

No. 10-15784

D.C. No. 2:08-cv-3071-JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Amy J. St. Eve, United States District Judge for the
Northern District of Illinois, sitting by designation.

Plaintiffs Dennis and Shelly Gallagher appeal the district court's order granting Defendants' motion for summary judgment as to the Gallaghers' action for damages for breach of contract. Plaintiffs do not appeal the district court's ruling granting Defendants' motion for summary judgment as to the Gallaghers' action for specific performance. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

We review a district court's grant of summary judgment de novo. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, -- F.3d --, 2011 WL 1441879, at *3 (9th Cir. Apr. 15, 2011) (citing *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009)). In doing so, we view the evidence in the light most favorable to the nonmoving party, and determine both whether any genuine dispute as to any material fact exists and whether the district court correctly applied the substantive law. *See id.*

The district court erred in finding as a matter of California law that, to obtain damages for breach of contract, a plaintiff must prove adequate consideration. The California Civil Code ("the Code") provides that consideration is an essential element of a contract. Cal. Civ. Code § 1550. It further provides that "*[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other*

-2-

person, to which the promisor is not lawfully entitled, or *any* prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." *Id.* at § 1605 (emphasis added).

The adequacy of consideration is relevant to the question whether a promisee can compel a party to perform under a contract. The Code provides that "[s]pecific performance cannot be enforced against a party to a contract . . . [i]f he has not received an adequate consideration for the contract." *Id.* at § 3391. This provision limits the equitable remedies available to a plaintiff who establishes breach of a contract, but who does not establish that adequate consideration supports the same. Section 3391, however, does not purport to limit a plaintiff's right to obtain common-law damages for breach of contract, for which good consideration exists.

It is well established in California that, to maintain an action at law for breach of contract, one need only prove the existence of consideration, rather than its adequacy. *See, e.g.*, *Kremen v. Cohen*, 337 F.3d 1024, 1028 (9th Cir. 2003) ("The adequacy of consideration doesn't matter, but it must be 'something of real value.'") (quoting *Herbert v. Lankershim*, 9 Cal. 2d 409, 475 (1937)); *Walters v. Calderon*, 25 Cal. App. 3d 863, 876 (1972) (distinguishing the "legal consideration

necessary to sustain an action for damages" from "the amount of consideration required in an equitable action for specific performance"); *Brandolino v. Lindsay*, 269 Cal. App. 2d 319, 324 (1969) (observing that "the court may award damages if plaintiffs are not entitled to specific performance") (citations omitted); *see also Farnsworth v. Hunter*, 11 Cal. 2d 27, 32 (1938) ("It cannot be said that appellant was prejudiced by the fact that[,] in order to establish inadequacy of consideration as a defense to specific performance, she was compelled to show a high value of the property and thus prove, by her own evidence, plaintiffs' right to damages."); *Pascoe v. Morrison*, 219 Cal. 54, 58-59 (1933) ("The complaint in the present case, without any reference to the question of specific performance, adequately alleges, in a separate count, a cause of action for damages based on the respondent's breach of the agreement. . . . Appellant's abortive attempt to procure a decree specifically enforcing an agreement which, as we have seen, cannot be specifically enforced, should not of itself preclude him from obtaining relief by way of damages.").

The district court relied on the 1931 decision of the California Court of Appeals in *Cushing v. Levi*, 117 Cal. App. 94, 102-03 (1931), for the proposition that a plaintiff must allege and prove adequate consideration to obtain damages for breach of contract. To the extent that *Cushing* purports to stand for this principle,

it is no longer good law.  This necessarily follows from the contrary precedent of the Supreme Court of California, other California case law, and the Code.

Because the district court erred in granting Defendants' motion for summary judgment as to Plaintiffs' action for damages for breach of contract, we reverse.

Costs are awarded to Plaintiffs-Appellants.

**REVERSED.**