[Civ. No. 55. Fourth Appellate District.—May 28, 1930.]

EARL R. HUPP, Appellant, v. GARNET M. LAWLER, Respondent.

Louis Luckel and J. M. Chatterson for Appellant.

Duke Stone for Respondent.

OWEN, J., *pro tem.*—Plaintiff sets up in his complaint that the defendant was the owner of a parcel of land in San Diego County, on which was located an undeveloped granite quarry; that being without money, and desiring to make the quarry income producing, the defendant entered into a contract in writing with the plaintiff whereby the plaintiff was employed to organize and promote a corporation for the purpose of taking over said land and developing the quarry; that in consideration of his services the plaintiff was to receive an undivided one-half of the land; that the plaintiff and defendant were to own a majority of the capital stock of the corporation to be issued to them in equal shares, after they had conveyed the land to the corporation. That pursuant to the agreement the plaintiff organized the corporation; that he devoted five months of his time, and expended over $3,000, in organizing and promoting the corporation; that he secured manufacturers and builders as customers for the granite who agreed to buy the product; that he also secured reports from granite experts, and sought and secured divers persons willing to invest in the enterprise. The plaintiff alleges other acts performed by him which he states cannot be fully or reasonably estimated or compensated in money or damages.

Plaintiff further sets out that the stock of the corporation could not be issued or sold for the reason that the defendant failed and refused to convey one-half of the land to the plaintiff; that through the fault of the defendant the land could not be conveyed to the corporation, and stock issued to the parties to the action in consideration of the conveyance.

Alleging that the consideration moving to the defendant was adequate, fair and reasonable, the plaintiff prays that the defendant be compelled to convey an undivided one-half of the real property to him, and be ordered to join him in a conveyance of the whole of the property to the

corporation. He further prays that in the event the defendant be unable to convey that he be awarded damages in the sum of $10,000 in addition to the sum of $3,000 expenses incurred by him.

The defendant demurred on three counts: On the ground of a misjoinder of the parties, in that the corporation should have been made a party plaintiff; that the complaint is ambiguous, unintelligible and uncertain; and that it does not state facts sufficient to constitute a cause of action.

The trial court sustained the demurrer without leave to amend.

The transcript on appeal contains the complaint, demurrer and judgment on demurrer, but the record does not show on which count of the demurrer the court ruled.

Appellant's opening brief is devoted to a general dis-. cussion of the complaint in anticipation of respondent's argument or in answer to the points raised before the trial judge. Respondent urges that the complaint does not allege facts showing the consideration for the agreement was adequate and fair to the defendant; that the complaint was too indefinite and uncertain to permit of the remedy sought; that the complaint shows a series of acts covering a period of time after incorporation was contemplated by the contract; that the corporation was to receive deed and hold title, and that since the corporation was not a party to the contract the agreement is lacking in mutuality—that if it had been a party to the contract, it would have to be the plaintiff in the action; that the contract sought to be specifically enforced is unintelligible and uncertain in that it might or might not be possible to sell the stock or divide the majority of it between the plaintiff and defendant; and that the damages alleged are too remote and uncertain, and that before plaintiff is entitled to recover damages he must make out a case of specific performance.

Aside from a consideration of many questions raised by respondent it would appear that a discussion of two points ought to be determinative of whether or not the trial court erred in sustaining the demurrer without leave to amend.

Is the plaintiff entitled to specific performance of the contract as pleaded? Is he entitled to pursue this action for damages if the contract is not enforceable?

(1) It is well to keep in mind that the controlling consideration and ultimate purpose governing and actuating the respondent was *the development of the quarry, and profitable sale of the product therefrom.* The appellant undertook to *organize* and *promote* a corporation. It is admitted that he organized and procured a charter for the "El Cajon Granite Company." We thus have a third legal entity coming into the proceedings, with rights to be considered, obligations to be observed, and duties to be performed. The corporation is not a party to the action. The appellant agreed further to *promote* the corporation, as well as organize it. Assuming that the officers and directors of the corporation—who they were and how many are not shown—were willing for the appellant to promote its interests, we presume that appellant's first move would be to secure the consent of the commissioner of corporations of the state of California for the issuance of a majority of stock to the parties to the contract, followed by a permit for the sale of the unissued stock to the public in order to obtain funds for the development of the quarry, and the erection of necessary buildings and the purchase of proper machinery and equipment. Again we must assume that the commissioner of corporations would issue these permits, and assume that the commissioner's engineer had reported favorably on the feasibility of the venture, the quality and value of the quarry, before it can be said that the respondent has received a valid consideration, or that a single, important or definite step had been taken toward the development of the quarry, and the sale of its product. These acts, which the appellant was obligated to perform, must be accomplished before it can be said that he has *organized* and *promoted* the corporation. A knowledge of the legal steps necessary in the premises, and a realization that the discretion of the commissioner of corporations is involved, makes it appear at once that the respondent on her part could not have compelled the appellant to perform his part of the contract. He has performed only part of the contract. The lack of mutuality in a contract may be removed in the right to specific performance if there has been a full or substantial performance. But the mere organization of a corporation is a small beginning, when we consider the provisions of the Corporation Act and the discretionary

powers of the commissioner, none of which powers are controlled by the mandate or decree in specific performance of any court.

"The remedy of specific performance must be mutual, and the test of mutuality of remedy is applied by considering whether the agreement under which the remedy is asserted is of such a character that at the suit of either a court of equity would decree specific performance against the other." (*Pacific etc. Ry. Co.* v. *Campbell-Johnston*, 153 Cal. 106 [94 Pac. 623, 625]; *Moore* v. *Tuohy*, 142 Cal. 342 [75 Pac. 896]; *Los Angeles & Bakersfield Oil etc. Co.* v. *Occidental Oil Co.*, 144 Cal. 528 [78 Pac. 25].) Innumerable cases could be cited to the same effect. Many of these authorities cite Pomeroy on Contracts, section 312, where it is said:

"Finally, contracts which by their terms stipulate for a succession of acts, whose performance cannot be consummated by one transaction, but will be continuous and require protracted supervision and direction, with the exercise of special knowledge, skill and judgment in such oversight —such as agreements to repair or build, to construct works, to build or carry on railways, mines, quarries, and other analogous undertakings,—are not as a general rule specifically enforced."

We do not believe the contract between the parties is subject to specific performance. Nor can we hold that the mere organization of the corporation is such a degree of performance on the part of the appellant as would entitle him to a deed to one-half of respondent's land; especially is this so when the record shows that not a drill or a pick has ever been applied to respondent's granite quarry by reason of her dealings with appellant.

(2) Having determined that appellant has not stated a cause of action in specific performance, it must be held that he is not entitled to damages unless his complaint shows he is first entitled to the equitable relief sought. The rule laid down in *Morgan* v. *Dibble*, 43 Cal. App. 116 [184 Pac. 704, 706], seems to be decisive of the question:

"The right to pecuniary compensation in lieu of specific performance 'assumes, of course, a sufficient contract, performance or an offer to perform by the plaintiff, and every other element requisite, on his part to the cognizance of his

case in chancery' (*Milkman* v. *Ordway*, 106 Mass. 232, 254). There is no authority for holding that equity can grant damages unless some case of equitable relief is made out also, to which the damages would be applicable or subsidiary. An action to recover damages in lieu of specific performance lies not at law, but in equity, for the right to such damages depends upon the right to specific performance, and is not available until the latter is established."

The judgment on demurrer of the trial court must be sustained on the two propositions considered without a discussion of the sufficiency of the allegations of damages, although from a reading of the complaint it is difficult to see how $3,000 could have been expended in "paying the costs and expenses incidental to said promotion and organization," and impossible to determine in what manner appellant was damaged in the sum of $10,000.

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.