[Civ. No. 11118.   Second Appellate District, Division One.—November 2, 1936.]

REVA RABEN, Appellant, v. HAMILTON DIAMOND COMPANY, INC., (a Corporation), Respondent.

Ben Rosenthal and Charles Murstein for Appellant.

Pacht, Pelton, Warne & Black and Lazare F. Bernhard for Respondent.

BISHOP, J., *pro tem.*—▮▮ Respondent moves to dismiss the appeal, which is from an order granting respondent a new trial, on the ground that the appeal is not authorized in this case because the action was tried by the court without a jury.   We find no basis in the law for this position.

Prior to an amendment made in 1933, that portion of section 963 of the Code of Civil Procedure applicable to our problem read: "An appeal may be taken from a superior court in the following cases: . . . 2. From an order granting a new trial or denying a motion for judgment notwithstanding the verdict in an action or proceeding tried by a jury where such trial by jury is a matter of right."   Plainly,

by these provisions, an appeal from an order granting a new trial was authorized only in one class of cases, that is, in those actions or proceedings where a trial by jury was a matter of right, and only then when the right had been exercised and a jury trial had.

In 1933 the legislature. amended this section by eliminating the words "tried by a jury", so that an appeal is now authorized, "2. From an order granting a new trial or denying a motion for judgment notwithstanding the verdict in an action or proceeding where a trial by jury is a matter of right." The classification of cases remains the same, that is, those actions or proceedings where a trial by jury is a matter of right. There is no question but that the present action, one for damages for assault and battery, comes within the class. The limitation formerly present, that the trial should be with a jury, has been eliminated. We agree with the conclusion expressed by the appellate department of the superior court in *Treiman* v. *Kennon*, (1934) 139 Cal. App. (Supp.) 796, 800 [30 Pac. (2d) 636], that unquestionably an appeal will lie from an order granting a new trial in this class of cases, although the trial was by the court and not with a jury.

The motion to dismiss the appeal is denied.

Houser, P. J., and Doran, J., concurred.