[Civ. No. 12044.   First Dist., Div. One.   Apr. 10, 1942.]

GEORGE E. CROUSER et al., Appellants, v. PETER D. BOICE et al., Respondents.

John P. Tobin for Appellants.

Cook & Obegi, Ernest N. Clark and Charles E. Cook, Jr., for Respondents.

PETERS, P. J.—By this motion defendants seek to have dismissed appeals taken by plaintiffs from an order granting defendants a new trial, and from an order recalling an

execution theretofore issued. So far as the appeal from the order granting a new trial is concerned, the motion to dismiss is predicated on the theory that the case is one in equity where a jury trial is not a matter of right, and that under section 963, subdivision 2, Code of Civil Procedure, an appeal from an order granting a new trial is permitted only in law cases where a jury trial is a matter of right. So far as the appeal from the order recalling execution is concerned, the motion to dismiss is predicated on the theory that this appeal is moot by reason of the finality of the order granting the new trial.

The principal question presented is whether the main action was one in equity. Section 963, subsection 2, Code of Civil Procedure, provides that an order granting a new trial is appealable only "where a trial by jury is a matter of right." █ Where a jury trial is a matter of right, an appeal lies from the order granting a new trial although the action was not in fact tried by a jury. (*Raben* v. *Hamilton Diamond Co., Inc.*, 17 Cal. App. (2d) 277 [61 P. (2d) 940].) But if the action is wholly equitable, and a new trial is granted, such order is not appealable. Why the legislature has thus seen fit to distinguish between law cases tried by the court and equity cases does not appear. It may well be that, from a standpoint of policy, the order should be appealable whether the action is at law or in equity, but that is a matter for the legislature and not for the courts to determine.

█ Under our system of code pleading it is permissible to join legal and equitable issues in the same complaint, and it is permissible to bring in legal issues by way of counterclaim or cross-complaint even though the complaint pleads a purely equitable cause of action. █ Where legal and equitable remedies are sought in the same action, each remedy is governed by the law that would apply to it if the other remedy had not been requested. Thus, even though the action is essentially equitable, if the plaintiff requests legal relief, the parties are entitled to a jury trial on the legal issue. (*Pacific Western Oil Co.* v. *Bern Oil Co.*, 13 Cal. (2d) 60 [87 P. (2d) 1045], overruling *Bettencourt* v. *Bank of Italy Etc. Assn.*, 216 Cal. 174 [13 P. (2d) 659]; *Hughes* v. *Dunlap*, 91 Cal. 385 [27 Pac. 642]; *Farrell* v. *City of Ontario*, 39 Cal. App. 351 [178 Pac. 740].) In *Farnsworth* v. *Hunter*, 11 Cal. (2d) 27 [77 P. (2d) 840], it was held that upon amendment of the pleadings in an equitable action so as to include a legal cause of action for damages, the parties were entitled to a jury trial on the legal

issue. Very recently the Supreme Court has held that where the complaint pleads a purely equitable cause of action and the defendant cross-complains for legal relief, the parties are entitled to, a jury trial on the legal issue, and that the order granting a new trial in such action is appealable. (*Connell* v. *Bowes,* 19 Cal. (2d) 870 [122 P. (2d) 456] ; see, also, *Thomson* v. *Thomson,* 7 Cal. (2d) 671 [62 P. (2d) 358, 117 A. L. R. 1].)

It is at once apparent that in the present case the real question presented is whether or not the parties were entitled as of right to a jury trial on any issue presented by the pleadings. If so, although the other issues may all be equitable, so far as §963, subsection 2, Code of Civil Procedure, is concerned, the order granting the new trial is appealable. But, if the parties were not entitled to a jury trial as a matter of right on any issue, the order is not appealable and the appeal must be dismissed.

The complaint is in the usual form of an action for specific performance. It alleges that by written contract dated October 11, 1940, defendants agreed to sell and plaintiffs agreed to buy certain described real property for $1122.47; that plaintiffs have complied with the agreement but defendants have refused to perform; that the consideration agreed to be paid, is just, fair and equitable. In paragraph VIII of the complaint it is alleged that the reasonable value of the property is $1122.47 ''and that if defendants . . . cannot perform the terms of said written agreement for the sale of said property, plaintiffs have sustained damages'' in that amount. The prayer of the complaint is for specific performance, but if the defendants ''cannot perform and complete the terms of the written agreement herein,'' the plaintiffs pray that they ''recover judgment against them . . . in the sum of $1122.47.'' The answer denies the basic allegations of the complaint, and, as an affirmative defense, pleads that the contract was intended as a mere memorandum; that both parties knew that at the time the memorandum was made that defendants did not have title to the premises for the reason that they had sold the premises on a conditional sales contract, and that the purchaser thereunder had until October 14, 1940, to pay up such contract; that the purchaser did pay up on said contract; that defendants had no title to sell to plaintiffs.

On these issues the trial court found in favor of plaintiffs.

The court found that all the necessary elements of an action for specific performance were present; that the reasonable value of the premises was $1122.47 "and that if said defendants are unable or refuse to perform, that, and in such event, plaintiffs are entitled to damages in the sum of $1122.47." In connection with defendants' defense, the court found that at all times here pertinent defendant Peter D. Boice had title to the property; that although Boice had entered in a conditional sales contract in reference thereto, the purchaser at the time plaintiffs' contract was entered into was in default thereunder; that on October 14, 1940, certain "defaults under the land contract were paid . . . and that said payments were made subject to the agreement herein mentioned; that it is not true that the agreement herein mentioned was understood to be a memorandum." In its conclusions of law the trial court provided that "plaintiffs are entitled to specific performance of said agreement and judgment for same and, if defendant Peter D. Boice are [is] unable or refuse to perform said agreement, plaintiffs are entitled to judgment against the defendants Peter D. Boice and Anna V. Boice in the sum of $1122.47 . . ." By its judgment the trial court provided "that plaintiffs are entitled to specific performance of the agreement executed or if defendants Peter D. Boice and Anna V. Boice refuse or are unable to perform, plaintiffs are entitled to recover damages in the sum of $1122.47 and that Peter D. Boice and Anna V. Boice are ordered to perform each and every obligation set forth in said agreement . . ."

It is apparent from the pleadings, findings, conclusions and the judgment that the plaintiffs pleaded a cause of action for specific performance, that the trial court found plaintiffs had proved a case entitling them to specific performance, and that, by its judgment, the trial court decreed specific performance. The issue of damages was presented not as an alternative to specific performance in the event the plaintiffs were unable to prove a case entitling them to that relief, but was presented only as an alternative in the event that, because of some act of defendants, they were unable or refused to comply with the specific performance decree. In other words, this is not a case where the plaintiffs were granted damages because they failed to prove that they were entitled to specific performance. If it were, it would be obvious that defendants would have been entitled to a jury trial as a matter of right on the legal issue of damages. Thus,

for example, where the plaintiffs' proof fails to show that the consideration is fair and equitable, the plaintiffs are not entitled to the equitable relief of specific performance, but the trial court may grant the legal relief of damages, in which event the parties are entitled as of right, upon demand, to a jury trial. (*Farnsworth* v. *Hunter, supra.*) The present case is one where no legal issues at all were presented by the pleadings. ■■■ The court found that plaintiffs had proved every element of a cause of action for specific performance, and that the plaintiffs were entitled to that equitable relief. Damages were granted only in the event defendants were unable or refused to convey. In such event, the authorities are practically uniform that damages are granted not in the exercise of a legal jurisdiction, but in the exercise of the equity jurisdiction of the court. This principle illustrates one phase of the general rule that equity having taken jurisdiction over a portion of a particular controversy it will proceed to decide the whole issue and to award complete relief. Pomeroy, in volume 1 of his well-known work "Equity Jurisprudence," (4th ed.) § 237, at p. 374 [(5th ed.) §§ 237e, 237f, vol. 1, pp. 439, 440, 442-444], discusses the problem as follows: "*Holland* v. *Anderson,* 38 Mo. 55, was a suit by the vendee to cancel a contract for the sale of land, on the ground of the vendor's fraud. A rescission was found to be impossible, because the property had been changed, and the parties could not be restored to their original condition. The general doctrine was stated that 'a court of equity will sometimes give damages, which are generally only recoverable at law, in lieu of equitable relief, when it has obtained jurisdiction on other grounds.' The application of the principle to the relief of damages has frequently occurred in suits for a specific performance. The following rules have been established by American decisions: If through a failure of the vendor's title, or any other cause, a specific performance is really impossible, and the vendee is aware of the true condition of affairs before and at the time he brings his suit, the court, being of necessity obliged to refuse the remedy of specific performance, will not, in general, retain the suit and award compensatory damages, because, as has been said, the court never acquired a jurisdiction over the cause for *any* purpose: [Citing cases.] A second rule is, that if the remedy of specific performance is possible at the commencement of a suit by the vendee, and while the action is pending the vendor renders this remedy impracti-

cable by conveying the subject-matter to a *bona fide* purchaser for value, the court will not compel the plaintiff to bring a second action at law, but having acquired jurisdiction, will do full justice by decreeing a recovery of damages: [Citing cases.] The third rule is as follows: If a specific performance was originally possible, but *before the commencement of the suit* the vendor makes it impossible by a conveyance to a third person; or if the disability existed at the very time of entering into the contract on account of a defect in the vendor's title, or other similar reason,—in either of these cases, if the vendee brings his suit in good faith, without a knowledge of the existing disability, supposing, and having reason to suppose, himself entitled to the equitable remedy of a specific performance, *and the impossibility is first disclosed by the defendant's answer or in the course of the hearing, then, although the court cannot grant a specific performance, it will retain the cause, assess the plaintiff's damages, and decree a pecuniary judgment in place of the purely equitable relief originally demanded.* This rule is settled by an overwhelming preponderance of American authorities: [Citing many cases.]'' (Last emphasis ours.) (See, also, 22 Cal. L. Rev. 208, where the principle is discussed and several cases cited; *Hupp* v. *Lawler,* 106 Cal. App. 121 [288 Pac. 801].)

We think this principle is determinative of the present case. Plaintiffs pleaded a purely equitable cause of action. So far as the pleadings, findings, conclusions and judgment are concerned plaintiffs believed they were entitled to such relief when they filed the action. Defendants pleaded that plaintiffs knew defendants did not have title. The court found that defendants in fact had title and had never informed plaintiffs to the contrary. At the very time judgment was entered the trial court must have believed that specific performance was possible, because it granted that relief. It is obvious, therefore, that the award of damages in the event defendants were unable or refused to perform was intended as a substitute for the relief of specific performance. This being so, such award, under fundamental principles, was made in the exercise of the equity jurisdiction of the court, and defendants were not entitled as of right to a jury trial on that issue. It inevitably follows that under §963, subsection 2, Code of Civil Procedure, the order granting the new trial is not appealable.

■ Appellants urge that the judgment recites that defendants "stipulated in open court that judgment may be entered for plaintiffs," and point out that the cases hold it is error to grant a new trial following a consent judgment. In the record appears an affidavit of defendants' counsel in which it is admitted that it was stipulated that a judgment for specific performance could be entered, but in which it is vehemently denied that defendants consented to a judgment for damages. This is the main point urged by appellants in their appeal from the order granting the new trial. Whatever the merits of this point may be, it is obvious that since the order granting the new trial is non-appealable, the error, if any, in granting a new trial following a consent judgment, like other error in the exercise of jurisdiction, cannot be reached by an abortive appeal.

■ So far as the appeal from the order recalling the execution is concerned it likewise must be dismissed. The order granting the new trial being non-appealable, such order is effective as granting a new trial. The judgment upon which the execution was predicated has been set aside by the new trial order. Obviously, therefore, execution cannot be had, and the appeal from the order in regard to execution is moot and should, for that reason, be dismissed.

For the foregoing reasons, the appeals from the order granting the new trial and from the order recalling the execution are dismissed.

Knight, J., and Ward, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 8, 1942.