[Civ. No. 16092. Second Dist., Div. Three. June 30, 1948.]

MAX BARAN et al., Appellants, v. ANNA L. GOLDBERG, Respondent.

Alfred A. Grant for Appellants.

Ralph Rosenstock and Maurice Rose for Respondent.

WOOD, J.—Action for specific performance or for damages if specific performance cannot be decreed. Plaintiffs appeal from the judgment in favor of defendant.

On September 8, 1943, plaintiffs and defendant entered into a written agreement, in the form of escrow instructions, whereby defendant agreed to sell to plaintiffs certain real property for $11,500, and whereby plaintiffs agreed to buy from defendant the said property for said sum. The agreement provided in part as follows: that the plaintiffs should pay $200 into said escrow on said September 8th, and should pay an additional sum of $11,300 into the escrow on or before November 8, 1943; and that in consideration of the payment of said $11,500 the defendant agreed to execute, on or before November 8, 1943, a grant deed conveying said property to plaintiffs. The plaintiffs paid $200 into the escrow on said September 8th. On October 9, 1943, defendant re-

corded a grant deed conveying said property to her son and two daughters. On October 11, 1943, defendant notified the escrow holder that said deed had been recorded. That deed was executed without the knowledge of her said children, and they reconveyed the property to her in October, 1944, before the trial herein. The defendant cancelled the escrow on November 8, 1943. According to a finding of the court, plaintiffs tendered $11,300 to the defendant "on or about the 8th day of November, 1943," and, according to another finding, that sum "was tendered to the escrow." Under the first finding just referred to, the tender to the defendant might have been after November 8th. The second finding just referred to does not state when the tender "to the escrow" was made. Those findings are so indefinite as to time that they do not show that the tender was made within the time provided in the agreement. There is another finding, however, "that plaintiffs have performed all of the terms of the contract on their part to be performed." Although the court should have found specifically when the tender was made, those findings when construed together, are to be regarded as sufficient to constitute a finding that the tender was made on or before November 8, 1943.

The court also found that defendant was the owner of said property on September 8, 1943, at all times mentioned in the complaint, and at the time of trial; that on September 8, 1943, the sum of $11,500 was grossly inadequate consideration for said property and "that the said fact was well known to the plaintiffs"; that on September 8, 1943, the sum of $11,500 was not the reasonable value of said property, and that said sum has not at any time since then been the fair and reasonable value thereof; that said $11,500 was not an adequate, just and reasonable consideration as to the defendant; and that on September 8, 1943, said property was reasonably worth $16,500.

The court also found that the defendant refused and still refuses to carry out the terms of the said contract; that it is not true that the failure and refusal of the defendant "to comply with the terms of the said written agreement and to convey said property to the plaintiffs was without justification or lawful reason or excuse and was in bad faith"; that the defendant did act in good faith. The court also found that it is not true that plaintiffs were damaged in the sum of $5,000 or in any sum.

Appellants contend that the court erred in finding that the reasonable value of the property was $16,500, and in finding that $11,500 was not an adequate and reasonable consideration therefor. They argue to the effect that the court should have based its finding as to value upon the testimony of witnesses who testified in their behalf. One of their statements is that, "the plaintiff was in this matter overcome by a weight of testimony which should not have been permitted to over-weigh the plaintiff." One of plaintiffs' witnesses, a real estate broker, testified that on September 8, 1943, the property was of the value of $11,000; that in January, 1943, the appellants had listed the property with him for sale at the price of $10,000, and that he had sold the property for $10,000 in that month but the sale was not completed. That witness testified further that the plaintiffs had agreed to pay him $100 as commission on the present sale, and the defendant had agreed also to pay him $100 as commission, but the commission had not been paid; that before he testified herein he had told plaintiffs that he would not testify unless they guaranteed the payment of the $200; and that the plaintiffs had agreed to pay that amount to him. Another witness for appellants, a real estate salesman, testified that on September 8, 1943, the property was of the value of $12,000; and that in 1943 appellants had listed the property for sale with him at a price between $10,500 and $11,000. A witness called by respondent (defendant), a qualified appraiser of real property, testified that on September 8, 1943, the property was of the value of $16,500. Another witness for respondent, a qualified appraiser of real property, testified that on said date the property was of the value of $15,500. Another witness for respondent, who had been in the real estate business 25 years, testified that on said date the value of the property was between $16,000 and $17,000.

Section 3391 of the Civil Code provides in part: "Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable; 3. . . ." Said section 3391 "makes adequacy of consideration a prerequisite to the granting" of specific performance. (*Lamb* v. *California Water & Tel. Co.,* 21 Cal.2d 33, 44 [129 P.2d 371].) Adequacy of consideration, within the meaning of said section, must be determined as of the date of the execution of the con-

tract. (*O'Connell* v. *Lampe*, 206 Cal. 282, 285 [274 P. 336].)
In the case of *Cushing* v. *Levi*, 117 Cal.App. 94 [3 P.2d 958],
it was said at page 101: " 'Adequate consideration,' as used
in section 3391, subdivision 1, of the Civil Code, does not nec-
essarily mean the highest price obtainable, but a price that is
fair and reasonable under all the circumstances; it is always
peculiarly a question of fact for the trial court to determine,
in the light of all the facts and circumstances of each particu-
lar case.'' At the time the trial judge in the present
case rendered his oral decision, he said that the testimony of
the real estate broker (a witness for plaintiffs), who wanted
to collect $200 from plaintiffs, had no weight at all with the
court. The findings of the court in regard to the value of the
property and the inadequacy of the consideration are sup-
ported by the evidence.

 Appellants assert further that the court should have
awarded damages to plaintiffs. In their complaint appellants
alleged that defendant had continued to collect the rents from
the property and had converted the rents to defendant's own
use; and appellants prayed that the court order an accounting
as to the rents. Appellants also alleged that defendant's fail-
ure to comply with the contract was in bad faith and was to
plaintiffs' general damage in the sum of $5,000. The trial
judge disallowed damages for the reason, as stated in his oral
decision, that since plaintiffs were not entitled to specific per-
formance, they were not entitled to damages. He relied upon
the case of *Hupp* v. *Lawler*, 106 Cal.App. 121 [288 P. 801],
wherein it was stated at page 126: "An action to recover dam-
ages in lieu of specific performance lies not at law, but in
equity, for the right to such damages depends upon the right
to specific performance, and is not available until the latter is
established.'' The decision therein, regarding that point, was
based upon the case of *Morgan* v. *Dibble*, 43 Cal.App. 116
[184 P. 704]. The Supreme Court held to the contrary in the
case of *Pascoe* v. *Morrison*, 219 Cal. 54 [25 P.2d 9], wherein
there was a separate cause of action for damages. In the last-
cited case, after referring to said ruling in the case of *Morgan*
v. *Dibble, supra,* the court said, on pages 57 and 58 (in quoting
from another case): " '. . . while the equitable relief will be
denied in such a case, now the action will be retained, and the
issue as to the breach of contract and damages will be sent
to the jury for trial.' . . . *In addition thereto the facts as
pleaded, without reference to any question of specific perform-*

*ance, entitled plaintiff to damages;* and, as shown by the cases heretofore cited, the court was not only authorized, but it was its duty to grant such relief as the evidence warranted." In the case of *Bank of America etc. Assn.* v. *Moore,* 18 Cal. App.2d 522 [64 P.2d 460], the court declined to follow the cases of *Hupp* v. *Lawler, supra,* and *Morgan* v. *Dibble, supra,* and stated at page 529: ". . . we hold that although a cause of action for equitable relief may not be established, damages may properly be awarded." In *Long Beach Drug Co.* v. *United Drug Co.,* 13 Cal.2d 158 [88 P.2d 698, 89 P.2d 386], wherein specific performance could not be decreed, and wherein no cause of action was alleged for damages for breach of contract and the complaint was not framed in the alternative for damages, it was indicated on page 173 that under amended pleadings plaintiff might seek to recover damages for breach of contract. It appears therefore that the decision in the case of *Hupp* v. *Lawler, supra,* upon which the trial judge relied, is not in accord with several other cases. The mere fact that plaintiffs were not entitled to specific performance did not preclude them from recovering damages for breach of contract.

As to damages which might have been incidental to a decree of specific performance, there could be no award herein, since a cause of action for specific performance was not established. *Equity* cannot grant damages "unless some case of equitable relief is made out also, to which the damages would be applicable or subsidiary." (*Eagle Oil & Refining Co.* v. *James,* 52 Cal.App.2d 669, 678 [126 P.2d 880].)

As to damages for breach of contract, the decision of the trial judge in disallowing such damages was correct, even though the reason stated by him for disallowing them was not valid. Section 3306 of the Civil Code provides in part as follows: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach. . . ." Damages were properly denied for the reason that no cause of action for damages was stated. The complaint stated only a cause of action for specific performance and alleged no facts which would have justified an award of damages. There was no allegation in the fourth amended complaint, upon

which the case was tried, that the value of the property at the time of the breach of the contract to convey was greater than the value of the property at the time the contract was made. On the contrary, it was alleged in that complaint that the price agreed to be paid for the property was $11,500, and that said sum "is and at all times since the execution of the said contract has been a fair and reasonable value of the said property." It therefore appears from the complaint that there was no difference between the price agreed to be paid and the value of the property at the time of the breach of the contract. Furthermore, there was no proof as to the value of the property at the time of the breach of the contract on November 8, 1943, when defendant cancelled the escrow. The evidence herein regarding value pertained to the time the agreement was executed on September 8, 1943, except that one of the witnesses for plaintiffs (the real estate salesman) did testify as to value at the time of the trial on January 3, 1947. The value at the time of trial was, of course, immaterial on the question of damages. Therefore, it does not appear from the evidence that there was any difference between the price agreed to be paid and the value of the property at the time of the breach. Furthermore, as provided in section 3306 of the Civil Code, above referred to, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed can be recovered as damages, for the breach of an agreement to convey real property, only "in case of bad faith." The court found, as above stated, that defendant did not act in bad faith in refusing to convey the property. The action of defendant in conveying the property to her children indicates, contrary to the finding of the court, that she was acting in bad faith and was attempting to make it impossible for her to comply with her contract. In his oral decision the trial judge characterized that act of defendant as "reprehensible." Irrespective of the question of bad faith, the allegation in the complaint to the effect that there was no difference between the agreed price and the value of the property at the time of the breach of the contract, and the fact that there was no evidence as to the value of the property at the time of the breach, are sufficient to support a finding that plaintiffs were not entitled to damages on the basis of a difference between the agreed price and the value of the property at the time of the breach of the contract. There was no evidence that the escrow deposit of $200 was not returned to plaintiffs, and there was no

evidence as to expenses incurred in examining title and preparing necessary papers.

Appellants assert further that the court erred in not granting their motion for a new trial on the ground of newly discovered evidence. Such alleged new evidence related to the value of the property involved herein and was to the effect that other property, allegedly comparable to the property herein and located within the same street block as the property herein, was purchased in January, 1943, for $9,500 and was sold in August, 1944, for $14,500. This contention is not sustainable. During the cross-examination of one of defendant's expert witnesses as to value, counsel for plaintiffs (not present counsel) referred specifically to the sale of said other property for $9,500, thereby indicating that the proposed additional evidence was not newly discovered. The determination of the motion for a new trial was within the sound discretion of the trial court.

The judgment is affirmed.

Shinn, Acting P. J., and McComb, J. assigned, concurred.