## JOHNSON et al. v. GARDNER.

### No. 12244.

United States Court of Appeals,
Ninth Circuit.

Dec. 28, 1949.

Writ of Certiorari Denied April 10, 1950.

Morris Lavine and Hiram E. Casey, Los Angeles, Cal., for appellants.

Thomas S. Tobin, Los Angeles, Cal., for appellee.

Before STEPHENS and POPE, Circuit Judges, and McCORMICK, District Judge.

## McCORMICK, District Judge.

George Gardner, the appellee, as trustee in bankruptcy for the Estate of Ruth Vena Johnson, also known as Ruth Boyce, a voluntary bankrupt, conformable to provisions of the National Bankruptcy Act [1] and the Uniform Fraudulent Conveyance Act [2] brought suit in the District Court to avoid certain purported transfers of real property situate in Los Angeles, California.

The bankrupt, a resident of Los Angeles; her daughter, a resident and citizen of Scotch Plains, New Jersey, and her three minor grandchildren, also residing with their mother and who are represented by their mother as guardian *ad litem,* were made defendants in the court below, and they are named as appellants in this appeal.

The amended complaint averred substantially that the transfers and the conveyances from Ruth Vena Johnson to the other defendants by which such transfers were to be effectuated were without a fair consideration and were intended to hinder, delay and defraud creditors, both present and future, as of the respective times of such conveyances. It was also alleged that under a general power of attorney which Ruth Vena Johnson obtained from her daughter, defendant Gladys Venes, she has been collecting the rentals from the real property in suit.

The relief prayed for in the amended complaint by the trustee in bankruptcy was a decree that the conveyances were fraudulent and void as to the trustee and as to the creditors of defendant Ruth Vena Johnson; that the recorded deeds purporting to convey the real property in suit be ordered cancelled of record, and the record title of such real property be vested in the trustee in bankruptcy for the estate of Ruth Vena Johnson, also known as Ruth Boyce; that defendant Ruth Vena Johnson be required to account to the plaintiff trustee in bankruptcy for all rents, issues and profits collected from such real property and used by her, and that a money judgment be rendered against her in favor of plaintiff trustee in bankruptcy as may be determined by the court below to have been so wrongfully used by defendant Ruth Vena Johnson; that plaintiff recover costs of suit and be accorded such further relief as the court deemed just and equitable in the premises.

The defendants all duly appeared, and through their employed attorney, Rupert B. Turnbull, Esq., on February 10, 1948, filed a joint answer to the amended complaint, which answer was verified by defendant Ruth Vena Johnson. All allegations of fraud or of the insufficiency of consideration relative to the transfers or the conveyances of the real property in controversy were substantially denied and the validity and good faith of the questioned transfers and conveyances by Ruth Vena Johnson to the other defendants was averred.

The answering defendants, other than Ruth Vena Johnson, prayed that the District Court determine and decree the title to the real property in suit to be vested in the defendants other than Ruth Vena Johnson, and all of the defendants demanded that the plaintiff trustee in bankruptcy take nothing by his action and that defendants have judgment for their respective costs.

Upon the call of the case for trial on November 23, 1948, under the issues of the amended complaint and answer, for the first time the question of the right or advisability of a jury trial of the suit was presented in the District Court. At that time a panel of jurors was in attendance as the result of a recent demand made subsequent to the period prescribed in Rule 38 of the Federal Rules of Civil Procedure by defendant Ruth Vena Johnson in person and on behalf of all defendants for a jury trial of the action. The defendant Gladys Venes had through a misapprehension shortly prior to the day of the commencement of the trial sent $48.00 by telegram to the court as a deposit for jury fees assuming such was required in the United States District Court as in State Courts of California.

1. National Bankruptcy Act, § 70, sub. e, 11 U.S.C.A. § 110, sub. e.

2. Sections 3439 to 3439.12, Civil Code of California.

This money was returned to the Telegraph Company by order of the trial judge. Other than these two incidents, at no time during the pendency of the action had there been any demand whatever by any of the defendants or their attorney for a trial by jury of any of the issues in the case.

On the contrary, Attorney Turnbull, an experienced lawyer, who was fully informed as to the rules pertaining to jury trials in the District Court [3] stated positively at the opening of the trial that at no time while he acted as the attorney for any of the defendants did he demand or intend to demand a jury for the trial of the action and that the defendant Ruth Vena Johnson knew such to be his attitude but that he had "noticed" the morning of the commencement of the trial that "Mrs. Johnson said she wanted a jury." However, no compliance with the requirements of Rule 38 (d), F.R.C.P., appears to have been made.

It appears that Attorney Turnbull and the bankrupt had some disagreement concerning the case and that Mr. Turnbull prior to the commencement of the trial in the District Court had been discharged by her as her attorney and had returned "all of the papers to Mrs. Johnson," and under her general power of attorney from her daughter Mrs. Johnson at the opening of the trial in the court below had also discharged Mr. Turnbull as attorney for all other defendants and, with the permission of the trial judge, he withdrew as an attorney in the action.

The plaintiff trustee in bankruptcy through his attorney contended in the court below that the action was of equitable cognizance, that is to say, it was a suit in equity to avoid a fraudulent conveyance and for an accounting and as such was not a jury case unless the trial judge desired to impanel a jury and render an advisory verdict.

The trial judge having considered the situation as to the nature of the suit, the character of the issues under the pleadings, the relief sought by the parties and the respective action of the suitors, ruled that the jury had been waived in the case and ex-cused the members of the jury panel who were in attendance. The defendant Ruth Vena Johnson thereupon proceeded to try and conduct the case herself and did so throughout all subsequent sessions and proceedings to the entry of final judgment in the court below.

Appropriate findings of fact and conclusions of law were made and entered upon the evidence introduced in the action, and the judgment from which this appeal has been taken was entered on February 10, 1949. No questions are raised in this appeal as to the sufficiency of the evidence to sustain the findings of fact, conclusions of law or the judgment.

The court decreed that two questioned transfers of real property situate in Los Angeles, California, are fraudulent and void as to creditors of Ruth Vena Johnson, a bankrupt, and as to her trustee in bankruptcy and should be canceled of record, annulled and set aside. The judgment also decreed the trustee in bankruptcy to be the owner and entitled to the immediate possession of the real property in suit, and further adjudged that neither Gladys Venes nor any of her children appearing through her as their guardian *ad litem* have any title, interest, lien or claim whatever to such real property. As to the trustee's demand for an accounting by Ruth Vena Johnson for the rents, issues and profits of the real property in controversy, the decree required none to be made. Plaintiff trustee was allowed taxable costs.

The sole question for decision in this appeal is whether or not under the record the defendants' demand for a jury trial should have been granted in the court below.

Primarily it is to be noted that the statutory provisions respecting the absolute right to jury trial in involuntary proceedings in bankruptcy in Section 19 of the Bankruptcy Act, Title 11, United States Code Annotated § 42, have no application in this matter.

The right to a jury in the domain or field of equity such as is here involved is

3. See Rules 38 and 39, F.R.C.P., 28 U.S.C.A.

determinable by the issues of fact that are pleaded in the concrete suit and the type and quality of the remedies that are applicable and available to the suitor. This has been the yardstick which has been applied under both the ancient divisions of law and equity and the single civil action in the unified procedure under the federal rules.[4]

■ It is pellucidly clear from a consideration of the pleadings, findings, conclusions and the judgment in the record before us that the action in the District Court was entirely and essentially one of equitable cognizance. Brainard v. Cohn, 9 Cir., 1923, 8 F.2d 13. There was no demand for monetary relief except such as might be awarded against the bankrupt as a corollary to an accounting which is in an historic field of equity jurisprudence. Kemp-Booth Co. v. Calvin, 9 Cir., 1936, 84 F.2d 377.

The gravamen of the suit and the crucial issue in it is the fraud that is alleged in the amended complaint to be the actuating means of the conveyances of the real property which the trustee seeks to recover for the bankrupt estate. Thus the wrong wrought by the fraud is not remediable at law in any efficient and practical way, and the historical equitable relief by cancellation of record is the only adequate and complete remedy.

Under such a situation, while it is true that the fraud alleged in the amended complaint is a question of fact in the suit,[5] it is not one which under the record the chancellor was required to call the jury to decide. Hummel v. Wells Petroleum Co., 7 Cir., 1940, 111 F.2d 883; Cf. Johnsen v. American-Hawaiian S. S. Co., 9 Cir., 1938, 98 F.2d 847, 852.

■ Assuming arguendo that the case in the court below, and specifically the issue of fraud therein, is such that if appellants had demanded a jury trial within the time specified by the Federal Rules of Civil Procedure they would have been entitled to such trial as of right, the record however positively shows that any original right to a jury trial had been irrevocably waived by the appellants.[6]

Rule 38, F.R.C.P., by which the constitutional right of trial by jury in civil cases is definitely preserved, contains two important and obligatory clauses, namely:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party", and

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

We have earlier in this opinion adverted to the failure by the defendants or their attorney Turnbull to comply in the District Court with Rule 38, supra, or with the correlative Rule 5, F.R.C.P. Moreover, the record shows affirmatively no expressed intention or any manifestation of intention by any defendant until long after the expiration of the period allowed by the rule to demand a jury trial in the case.

Such inaction for months after the filing of the answer on February 10, 1948; the answer being the last pleading within the meaning of Rule 38(b), constituted a waiver of trial by jury in the case. McNabb

---

4. Ring v. Spina et al., 2 Cir., 1948, 166 F.2d 546, Cf. Schoenthal v. Irving Trust Co., 1932, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185; Williams v. Collier, D.C.Pa. 1940, 32 F.Supp. 321.

5. Section 1574, California Civil Code; Philpott v. Superior Court, 1934, 1 Cal.2d 512, 36 P.2d 635, 95 A.L.R. 990; Crouser v. Boice, 1942, 51 Cal.App.2d 198, 124 P.2d 358; Casaretto v. DeLucchi, 1946, 76 Cal.App.2d 800, 809, 814, 174 P.2d 328.

6. May v. Melvin, 1944, 78 U.S.App.D.C. 368, 141 F.2d 22; William Goldman Theatres, Inc., v. Kirkpatrick et al., 3 Cir., 1946, 154 F.2d 66; Fidelity & Deposit Co., etc. v. Krout, 2 Cir., 1946, 157 F.2d 912.

v. Kansas City Life Ins. Co., 8 Cir., 1943, 139 F.2d 591.

But of course there is what might be called a "saving clause" in Rule 39(b) of the Federal Rules of Civil Procedure which may warrant the court to order a trial by a jury although the movant therefor may have waived his right to such mode of trial by failure to comply with the mandatory provisions of Rule 38. A motion under Rule 39(b)[7] is however addressed to the discretion of the court and we cannot say in the light of the record before us that the action of the trial judge in the court below in declining to call a jury to try the case amounted to an abuse of judicial discretion. Delno v. Market Street Ry. Co., 9 Cir., 1942, 124 F.2d 965.

The judgment dated and entered February 10, 1949, is affirmed.

7. "Rule 39(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."