[Civ. No. 9814.   Third Dist.   Mar. 18, 1960.]

RAY GILBERT, Appellant, v. CLARK MERCER et al., Respondents.

Charles A. Skow for Appellant.

George P. Kading for Respondents.

WARNE, J. pro tem.*—This is an action for specific performance of a contract for the sale of land and damages for withholding the deed of conveyance. Judgment was entered in favor of defendants and the plaintiff has appealed.

Under the terms of the contract defendants agreed to sell to plaintiff 65 acres of unimproved land for the sum of $325. The contract was in the form of a deposit receipt and was entered into on March 12, 1957. Plaintiff paid $50 down on the purchase price and promised to deposit the balance in escrow on or before November 1, 1957. The agreement called upon defendants to deliver within three months a deed conveying marketable title to the property free of all encumbrances. The Butte County Title Company made a search and reported that a patent to the property was not available from the Bureau of Land Management. Without waiting to see if defendants would take steps to clear the title, plaintiff gave a listing for the sale of the property to one Robert Wolf, a real estate broker, instructing him to sell the property for $3,750. On November 17, 1957, Wolf notified plaintiff that he had located a buyer in San Francisco who offered $3,500 for the property. On November 21, 1957, the title company informed plaintiff that a patent to the property would issue, and on the same day plaintiff deposited the balance of the agreed purchase price in escrow. Defendants did not make any effort to clear their title and did not at any time place a deed in escrow. On December 6, 1957, defendants repudiated the contract and this action followed.

The trial court found, among other things, that plaintiff's allegations in his complaint ''That the consideration named in said agreement was the fair and reasonable value of the property at the time said agreement was entered into'' was untrue. We have concluded that there is substantial evi-

---

*Assigned by Chairman of Judicial Council.

dence in the record to sustain the court's finding and the judgment in this regard. The realtor, Robert Wolf, testified that he was familiar with the property in question and property in the surrounding area; that in his opinion the market value of the property was between $15 and $20 an acre as of the date of the contract. However, on cross-examination he admitted making a previous estimate that the property was worth between $5.00 and $20 an acre.

Section 3391 of the Civil Code provides in part:

". . . Specific performance cannot be enforced against a party to a contract in any of the following cases:

"1. If he has not received an adequate consideration for the contract;"

And as stated in *Mackay* v. *Whitaker*, 116 Cal.App. 2d 504, 509 [253 P.2d 1021], ". . . The cases fully establish the rule to be that the burden is on the plaintiff to plead and prove these facts. [Citing cases.]" Whether the sales price in any particular case is fair and adequate is "peculiarly a question of fact for the trial court to determine in the light of all the circumstances, and the conclusion of that court upon the question should not be set aside unless it is clear that it has no sufficient support in the evidence." (*Wilson* v. *White*, 161 Cal. 453, 465 [119 P. 895]; see also *Haddock* v. *Knapp*, 171 Cal. 59, 63 [151 P. 1140]; *O'Hara* v. *Wattson*, 172 Cal. 525 [157 P. 608].)

Since the finding of inadequacy of consideration alone will support the judgment for the defendants, this court deems it unnecessary to consider other findings or matters as to evidence which have no relation to and cannot affect that finding. (*Empire West Side Irr. Dist.* v. *Stratford Irr. Dist.*, 10 Cal.2d 376, 382 [74 P.2d 248]; *Colorado Corp., Ltd.* v. *Smith*, 121 Cal.App.2d 374, 377 [263 P.2d 79]; *Estate of Cummins*, 130 Cal.App.2d 821, 832 [280 P.2d 128].)

Plaintiff was not entitled to damages. Such relief is incidental to a decree of specific performance and cannot be given where no cause of action for specific performance is established. (*Baran* v. *Goldberg*, 86 Cal.App.2d 506, 511 [194 P.2d 765].)

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.