[Civ. No. 22168.   First Dist., Div. Two.   Jan. 17, 1966.]

ROSARIO PARATORE, Plaintiff and Appellant, v. VIOLET
PERRY, Defendant and Respondent.

Raymond H. Levy for Plaintiff and Appellant.

Wilkie C. Courter for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from a judgment entered after nonjury trial, denying specific performance of a contract of sale of real property owned by defendant. The premises are located at 3241-43 Mission Street, San Francisco, and respondent has operated a retail merchandising business there since 1950. The evidence will be stated in the light most favorable to respondent.

The contract was entered into on April 7, 1961 and by its terms was required to be fully performed within 90 days thereafter. The sale price specified therein is $36,000. An escrow was opened at a title company on April 7. On June 21 a portion of the building on the property was damaged by fire.

On June 30 appellant deposited the full amount of the purchase price in the escrow. However, by separate letter, he specified that this money was not to be disbursed until "the fire damage has been repaired and the premises restored to their [prior] condition. . . ." On the same date appellant wrote to respondent, advising her that he "demands that the property be restored to the condition thereof as of April 6th, 1961."

A few days later, appellant called on respondent and told her that he did not want the damage repaired but that he wanted a credit of $1,500, that being the amount of the settlement which respondent had made with her insurance company.

Respondent offered a credit of $750, which was the amount of the bid made by a general contractor for removal of the debris and replacement of the fire damage. This contractor testified to making the bid.

On July 24 respondent deposited a properly executed deed in the escrow with instructions not to close until "the minor matter of the insurance money has been settled."

However, the matter was not settled and on August 17 appellant withdrew his money from the escrow. He had deposited this money on June 30 under the following instructions: "The undersigned reserves the right to withdraw the moneys deposited herewith on or after July 7th, 1961, in the event of non-performance by the Seller. Said withdrawal to be without prejudice under said Agreement of the perform-

ance or tender of performance by the undersigned. It being further understood that the tender of performance by the undersigned is continuing and upon performance by Seller, said funds will be redeposited as the continuing performance or tender of performance by the undersigned.''

On August 21 respondent amended her escrow instructions by offering a credit of $900 to appellant on account of the fire loss. Appellant was advised of the offer but refused to accept.

On August 31 respondent further amended her escrow instructions by demanding the return of her deed unless the escrow was completed on or before September 5. There were no further developments and the escrow holder returned the deed on September 7.

▆ Appellant's complaint alleges and respondent's answer denies that ''the consideration agreed to be paid by Plaintiff was adequate, fair and reasonable . . . [and] that the reasonable value of said property on said date [April 7, 1961] was $36,000.''

The trial court's finding is as follows: ''It is not true that the consideration for the said agreement was adequate, fair, or reasonable or that the reasonable value of the property on said date [April 7, 1961] was $36,000.00.''

This finding is supported by substantial evidence. Respondent had been a merchant in this same area for 25 years. She testified that the reasonable value of the subject property at the time of the execution of the contract of sale was $50,000.

▆ The owner of real property may testify to its value without a showing of special qualifications. (*City of Gilroy* v. *Filice*, 221 Cal.App.2d 259, 268 [34 Cal.Rptr. 368]; see 19 Cal.Jur.2d, Evidence, § 373, p. 101.)

Respondent testified that she had had no intention of selling her property but that she had been induced to do so and to agree to the $36,000 figure by one Saporita, the real estate broker who negotiated the sale.

He told her that appellant had bought the adjoining property and intended to tear down the building thereon; that this would damage respondent's building and would cause it to collapse, since the two buildings shared a common wall and a common roof. Respondent was thereby mistakenly led to believe that she was faced with this difficulty unless she disposed of her property at once. She did not know that in fact each building had its own separate wall and the common

roof could be severed at small expense and without weakening the portion covering respondent's building.

An additional element which influenced respondent was the fact that if she could not continue operating her business on the subject property, she would need money with which to obtain a new location. After she had agreed to sell she looked for and obtained a lease on premises located approximately one block away. She was in the process of moving her store there at the time of the fire.

For the reasons stated below it is not necessary for us to determine the availability of respondent's mistake as a defense to appellant's action. However, see discussion on the subject in Pomeroy on Specific Performance of Contracts, third edition, section 245, and American Jurisprudence, volume 49, Specific Performance, section 56.

### Effect of Inadequacy of Consideration

Section 3391 of the Civil Code provides in pertinent part that ''Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; . . .''

■ The burden is upon a vendee seeking specific performance of a contract for the sale of real property to prove the adequacy of the consideration. Whether the sales price in any particular case is adequate is peculiarly a question of fact for the trial court to determine. Its conclusion upon the question should not be set aside unless it is clear that it does not have sufficient evidentiary support. (*Gilbert* v. *Mercer,* 179 Cal. App.2d 29, 31 [3 Cal.Rptr. 456].)

Cases involving contracts for the sale or exchange of real property, in which it has been held that inadequacy of consideration is a complete defense to an action in specific performance, are as follows: *Cornblith* v. *Valentine,* 211 Cal. 243 [294 P. 1065], exchange of $4,100 equity for $6,200 equity; *Boulenger* v. *Morison,* 88 Cal.App. 664 [264 P. 256], contract price $30,000, value $35,000; and *Haddock* v. *Knapp,* 171 Cal. 59 [151 P. 1140], exchange of $1,800 parcel for $2,500 equity. (See also 45 Cal.Jur.2d, Specific Performance, § 25, Relation of Price and Value.)

■ The finding of inadequacy of consideration alone is sufficient to sustain the judgment herein. In *Cornblith* v. *Valentine, supra,* the Supreme Court said, at pages 246-247: ''On the issue of inadequacy of the consideration, the evi-

dence most favorable to the defendants [respondents] was that plaintiff's [appellant's] equity had a net value of $4,100, while that of defendants had a net value of $6,200. It is elementary that in actions for specific performance mere inadequacy of consideration, *of itself*, is sufficient to deny this relief. (Civ. Code, sec. 3391, subds. 1 and 2.) . . . *This finding alone is sufficient to sustain the judgment* [denying specific performance]." (Italics added.)

As stated in *O'Hara* v. *Wattson*, 172 Cal. 525, 535 [157 P. 608]: "It is therefore put beyond the reach of successful argument that the laws of the state of California declare to its courts of equity that they shall deny the equitable relief of specific performance when they find an inadequacy of price standing alone. Such has been the universal rule of decision in this state. . . ."

The trial court herein found that "defendant [respondent] tendered substantial performance under the said written agreement [by offering the credit of $900] and that plaintiff refused to accept the same and in so doing refused to do equity." Other findings also favorable to respondent were made on the issues of appellant's laches in not diligently proceeding with the action herein and respondent's change of position following appellant's statements that he would not substantially perform his part of the contract.

In view of our decision on the issue of inadequacy of consideration, it is unnecessary to discuss these other issues. (*Gilbert* v. *Mercer, supra*, p. 31; *Cornblith* v. *Valentine, supra*, p. 247.)

■ In addition to a specific performance decree, appellant has requested incidental damages, to wit, "fire damage of $1,500.00" and "loss of reasonable rentals." However, and appellant does not contend to the contrary, there can be no award for damages incidental to a decree of specific performance where no cause of action for specific performance is established. (*Baran* v. *Goldberg*, 86 Cal.App.2d 506, 511 [194 P.2d 765]; *Gilbert* v. *Mercer*, 179 Cal.App.2d 29, 31 [3 Cal. Rptr. 456]; 45 Cal.Jur.2d p. 380.)

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied February 16, 1966, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1966.