[Civ. No. 17218. Second Dist., Div. One. Nov. 30, 1949.]

THOMAS A. BENAVIDES et al., Respondents, v.
J. VERNER WHITE, Appellant.

J. M. Clements for Appellant.

A. E. Coppleman and Mendel H. Lieberman for Respondents.

DORAN, J.—This is an appeal from the judgment.

The action is for fraud and, among 10 specifications for relief in the prayer of the complaint, seeks to set aside a trust deed sale, an accounting and damages.

It appears from the record that plaintiff had a judgment against one Charles H. Trowler; that said Trowler could not be found but plaintiffs discovered certain property belonging to said debtor; that Trowler had executed a trust deed on said property in favor of defendants and a notice of default had been recorded.

The complaint alleges that, "plaintiffs had notice of said records; and having notice thereof, plaintiffs made offer to defendant to satisfy defendant's said debt in consideration of defendant's canceling his said deed of trust and foregoing foreclosure sale thereunder.

"That in consideration for plaintiffs' oral promise to pay to defendant the said debt of $600.00, defendant orally agreed and represented that he would cancel his said deed of trust and would forego foreclosure sale thereunder.

"That plaintiffs believed and relied upon defendant's said statements and representations, and believing therein and relying thereon, and not otherwise, plaintiffs caused execution to be levied against said real property for the satisfaction of said judgment, and incurred costs and expenses in the amount of $63.61 therefor." That thereafter defendant refused to settle upon the terms agreed upon and foreclosed the trust deed thus depriving plaintiff of the property.

The court gave judgment for plaintiff for damages and costs from which defendant appeals.

The evidence is conflicting.

It is contended on appeal that the transaction comes within the statute of frauds; that no fraudulent inducements were proven and that no damages resulted from the alleged oral promise of defendant.

On the contrary, respondent points out, and the record sustains respondents' contention, that "no agreement for the sale of a trust deed is involved."

It would serve no useful purpose to recite all of details; it is sufficient to note that a review of the record reveals suffi-

cient evidence to support the judgment and the statute of frauds, in the light of the trial court's view of the evidence, does not apply.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 20, 1949, and appellant's petition for a hearing by the Supreme Court was denied January 26, 1950.