[Civ. No. 138. Fifth Dist. Nov. 30, 1962.]

HAROLD JOHNSON et al., Plaintiffs and Respondents, v.
TED SERVAES et al., Defendants and Appellants.

Ted Servaes, in pro. per., Mayes & Ellery and Don C. Mayes for Defendants and Appellants.

Ben Curry for Plaintiffs and Respondents.

STONE, J.—This is an appeal from a decree for specific performance of an oral agreement to cancel a $6,000 note and release the deed of trust by which it is secured. An alternative judgment in the event specific performance cannot be had, awarded $7,500 to plaintiff-respondent Harold Johnson for the reasonable value of his services. Plaintiffs-respondents Kehrer were awarded an alternative judgment for restitution in the sum of $2,129.89.

The property involved consists of approximately 19 acres of land in Merced County owned by defendant Oscar Servaes, who has not appealed from the judgment ordering him to convey the property to plaintiffs Kehrer. Oscar's brother, Ted Servaes, and Ted's wife, Christine, the other two defendants, have appealed. Christine is the beneficiary of a deed of trust covering the real property which secures Oscar's note payable to Christine for $6,000. No payments have been made on the note and deed of trust, which were executed December 1, 1949. Plaintiff Johnson, a real estate broker, is a neighbor of defendants and owns property on three sides of the Oscar Servaes land. Johnson attempted to purchase the

property for plaintiffs Kehrer. At the time negotiations were commenced by Johnson, there were some 19 liens against the property. More important, the Merced Irrigation District had acquired a deed to the land because of the nonpayment of assessments. The MID deed was paramount to and had the effect of extinguishing the other liens, including Christine's deed of trust. Of course it also had the effect of divesting Oscar of title. Attorneys for the three defendants had attempted to redeem the property, but the district refused to accept the amount of back payments, interest and penalties, or to deed the property back to Oscar. A quiet title suit was filed by the district to clear the title of liens of record. Oscar's attorney also filed a quiet title action in an effort to recover the property from the district. Defendants' attorney testified, however, that he had made a thorough study of the case, including the procedure followed by the MID, and he was satisfied in his own mind that there was no legal means by which Oscar could regain title from the district.

In the meantime plaintiff Johnson offered to pay Oscar Servaes $10,000 for the property, to satisfy liens against the property in the sum of approximately $2,000, and to satisfy certain liens and debts of defendants depending upon his ability to persuade the MID to deed the property back to Oscar or to Johnson's designee. Defendants refused the offer. Later, when defendants became certain they could not redeem the property from MID they authorized their attorney to offer to sell the property to Johnson for a purchase price of $15,000 plus payment of liens in the approximate sum of $2,000. Christine agreed to reconvey her deed of trust in consideration of Johnson securing title from MID, paying Oscar $15,000, and satisfying the liens and certain debts of the three defendants, but without a monetary consideration payable directly to her. Johnson accepted the offer.

Pursuant to the oral agreement, Johnson spent a great deal of time seeking out the directors of the irrigation district and talking to them individually in an effort to get the district to complete its quiet title action and then deed the property to the Kehrers. Thereafter all three defendants signed and presented to MID a written agreement implementing the terms of the oral agreement between Johnson and themselves. This agreement was accompanied by an executed quitclaim deed to the irrigation district signed by all three

defendants. In addition, Christine signed a request for full reconveyance of her note and deed of trust, which would have cleared the title of this lien without payment to her. The transaction was never completed, however, because the district, to avoid any legal complications, insisted upon deeding the property back to Oscar rather than deeding it to the Kehrers. Johnson then entered into a written agreement with Oscar and Ted incorporating the previous oral agreements and adding minor provisions of no import to this appeal. Christine did not sign any of these subsequent agreements and since Oscar, who did sign them, has not appealed, we are concerned primarily with the oral agreement between Johnson and Christine.

Johnson finally succeeded in getting the irrigation district to deed the property to Oscar. The deed not only restored Oscar's title, but it reinstated Christine's deed of trust as a prior lien. At this point all three defendants refused to proceed unless Christine was paid $6,000 for her note and deed of trust in addition to the $15,000 to be paid Oscar.

The first contention of appellants is that the court erred by admitting in evidence the oral agreements which preceded the written agreement signed by Ted and Oscar Servaes. They assert a violation of the parole evidence rule. Had Oscar appealed, the argument might have some relevancy since he signed written agreements with plaintiff Johnson. Appellant Ted Servaes, who signed a written agreement, cannot assert error as to the introduction of Christine's oral agreement because the evidence is undisputed that the $6,000 note and deed of trust securing it, the documents which are the subject of the decree for specific performance, are the separate property of Christine. Thus the question of the applicability of the parole evidence rule on this appeal is narrowed to the oral agreement made by Christine. The complaint alleges that she entered into an oral agreement, the court found that she entered into an oral agreement, and the judgment orders that the oral agreement be specifically performed. Therefore the parole evidence rule has no application in this case.

As might be expected, appellants argue that if the agreement which Christine has been ordered to specifically perform was oral, then the statute of frauds applies. (Civ. Code, § 1624.) Respondents cite *Benavides* v. *White*, 94 Cal.App.2d 849 [211 P.2d 597], for the proposition that an agreement to

deliver up a promissory note and authorize a reconveyance of a deed of trust securing the same, does not constitute an agreement for the sale of real property or an interest therein within the purview of the statute of frauds. ▊▊ It is unnecessary to rely solely upon the authority of *Benavides,* however, since specific performance of an oral agreement where there has been performance by plaintiff is an exception to the statute of frauds.

▊ "It is now settled that in proper cases contracts that are violative of the statute of frauds may be enforced specifically where there has been part performance by the party seeking relief. This doctrine, so far as it relates to contracts for the sale of land, is an elementary principle of equity jurisprudence that is universally applied throughout the United States." (45 Cal.Jur.2d § 30, p. 298.)

▊ Here, plaintiff performed the agreement; in fact it was not until title was conveyed by the district to Oscar that the three defendants refused to perform. Under the circumstances the statute of frauds will not bar the equitable remedy of specific performance. *(Forbes* v. *City of Los Angeles,* 101 Cal.App. 781, 789 [282 P. 528]; *Pruitt* v. *Fontana,* 143 Cal.App.2d 675, 687 [300 P.2d 371]; *San Francisco Hotel Co.* v. *Baior,* 189 Cal.App.2d 206, 210 [11 Cal.Rptr. 32].)

Appellants next contend there was no consideration, or at best inadequate consideration, flowing to Christine in return for her promise to deliver up the note and deed of trust to clear the title to Oscar's property. ▊ We are met preliminarily with a question of pleading. As appellants point out, the second amended complaint, upon which the action went to trial, is inartfully drawn. There is no direct allegation of adequacy of consideration. The complaint does, however, allege the oral agreement between Johnson and all three defendants whereby Oscar was to receive $15,000. It alleges that the property had been deeded to the Merced Irrigation District before the agreement was made; that plaintiffs would pay all amounts due the irrigation district and persuade the district to reconvey the property; that plaintiff Johnson, on behalf of plaintiffs Kehrer, would satisfy the remaining liens other than Christine's deed of trust; that Johnson would pay certain attorney fees and other debts of defendants; and that the consideration to be given for the real property is far in excess of the fair and reasonable value thereof. There is an additional allegation relating to Ted and Christine which reads:

"(VI) That Defendant, TED SERVAES, is the brother of Defendant, OSCAR SERVAES, and Defendant, CHRISTINE SERVAES, is the wife of Defendant, TED SERVAES. Said real property had been subject to a note for Six Thousand Dollars ($6,000.00) secured by a Deed of Trust in favor of said CHRISTINE SERVAES before the delivery of the tax deed to the Merced Irrigation District and as a further consideration to induce Plaintiff, HAROLD JOHNSON to undertake his efforts to obtain a reconveyance from the Merced Irrigation District to OSCAR SERVAES, Defendants TED SERVAES and CHRISTINE SERVAES agreed to cancel said note and release said real property from the lien thereof without payment of any sums of money, in return for HAROLD JOHNSON's efforts."

When all of the allegations in the complaint are construed together, the complaint sufficiently alleges adequacy of consideration. *(Augustine* v. *Trucco,* 124 Cal.App.2d 229, 236 [268 P.2d 780].)

Plaintiffs also alleged performance of all things agreed by them to be performed, and tender to Oscar of the purchase price. The complaint may not be a model pleading in an action for specific performance, but in *Beverage* v. *Canton Placer Mining Co.,* 43 Cal.2d 769, 778 [278 P.2d 694], the Supreme Court held an allegation that consideration named in an agreement was the fair and reasonable value of the property at the time the agreement was executed, sufficiently pleaded adequacy of consideration. ▋ In the case of *Conway* v. *Moore,* 70 Cal.App.2d 166 [160 P.2d 865], the court, in considering a question similar to the one before us, observed that an allegation of adequate consideration is indispensable, and that the complaint should allege facts which show that the contract is fair and the consideration adequate. But, added the court, at page 173, ". . . where the facts are sufficiently pleaded there is no necessity of alleging in so many words that the contract was supported by adequate consideration and is, as to the defendant, fair and just." (See also *Gilbert* v. *Mercer,* 179 Cal.App.2d 29, 31 [3 Cal.Rptr. 456]; *Dennis* v. *Overholtzer,* 178 Cal.App.2d 766, 777 [3 Cal.Rptr. 193].)

▋ Appellants' contention that the complaint does not specifically plead adequacy of consideration, could with more accuracy be said to be an attack upon the complaint for uncertainty, ambiguity, and for failure to separately state causes of action. These objections should have been reached

by way of special demurrer. In fairness to present counsel, it should be noted that he did not represent appellants in the trial court.

 Appellants also waived any right to object to the manner in which plaintiffs alleged sufficiency of consideration in the complaint, by failing at the pretrial hearing to object to the nature of the pleadings. The pretrial order defines the issues remaining in dispute, and the only issue concerning consideration reads as follows: ''Whether the consideration agreed by plaintiffs to be paid is equal to the fair and reasonable value of the property.'' If appellants questioned whether plaintiffs had sufficiently pleaded adequacy of consideration as to Christine, they should have raised it as an issue at the time of the pretrial hearing. *(Collison* v. *Thomas,* 55 Cal.2d 490, 498 [11 Cal.Rptr. 555, 360 P.2d 51]; *Dell'Orto* v. *Dell'Orto,* 166 Cal.App.2d 825 [334 P.2d 97]; *Windiate* v. *Moore,* 201 Cal.App.2d 509, 516-517 [19 Cal.Rptr. 860]; rules 212(2) and 214(a)(1), California Rules of Court;* 2 Witkin, California Procedure, 1961 Supp., Trial, § 30 A, pp. 186 et seq.)

Even more significant is the fact that the issue was actually litigated at the trial. The trial court found there was adequacy of consideration as to all three defendants, including appellants. Controlling is the rule laid down by the Supreme Court in *Collison* v. *Thomas, supra,* wherein the court said, at page 498:

'' 'A party cannot permit an issue to be litigated and on appeal escape the consequences by claiming that such issue was not pleaded.' [Citations.] While the pretrial order now frames the issues remaining in dispute (Rules for the Superior Court, rule 8.6[†], 47 Cal.2d 3, 6-7) and in this respect supersedes the pleading [citation], the quoted rule should be equally applicable however the issues are framed.''

Before turning to the question of whether sufficient evidence was adduced to support the allegation of adequate consideration, we shall consider the findings because they refer to the pleadings just discussed. Although the evidence, as we shall see presently, adequately supports the decree for specific performance, the facts are not specifically set forth in the finding of fact. The court simply found ''That all of the allegations contained in plaintiffs' second amended

---

*Formerly Rules for the Superior Courts, rules 8.4(2) and 8.6(a)(1).
†Now California Rules of Court, rule 214.

complaint, as amended to conform to proof, are true." If this were a case of first impression, we would agree with appellants' contention that such findings are unacceptable. By incorporating the meager allegations of the complaint, this case illustrates our belief that the practice of preparing findings by merely incorporating the allegations of a pleading, whether of a complaint or of an answer, should be discouraged. Findings should be found upon the evidence adduced during the trial, and they should be complete and specific. The law is settled to the contrary, however, and general findings have been held to be sufficient. *(LaMar* v. *LaMar*, 30 Cal.2d 898 [186 P.2d 678] ; *Beck* v. *Weather-Vane Corp.*, 185 Cal.App.2d 688 [8 Cal.Rptr. 680] ; 2 Witkin, California Procedure, Trial, § 114, pp. 1846-1847.) Furthermore, if a specific finding were to be made on the issue of adequacy of consideration, the finding would be adverse to appellants.

 In *Foley* v. *Cowan*, 80 Cal.App.2d 70 [181 P.2d 410], the court said, at page 77: "A judgment should not be reversed for the failure of the court to make a finding, if it clearly appears that the finding, if made, would necessarily have been adverse to the appellant."

In this circumstance the finding, unsatisfactory though it may be in form, is not a ground for reversal.

 The sufficiency of the evidence to support a finding of adequacy of consideration as to Christine must be determined as of the date of the inception of the agreement, and not by subsequent events. (*Baran* v. *Goldberg*, 86 Cal.App.2d 506, 509 [194 P.2d 765] ; *O'Donnell* v. *Lutter*, 68 Cal.App.2d 376, 384 [156 P.2d 958].) The critical fact is that the property had been deeded to the Merced Irrigation District before the agreement was made. Oscar had lost his title and the deed of trust held by Christine was valueless. The district had refused to allow Oscar to redeem the property. The attorney for all defendants testified at the trial that he and other members of his firm had endeavored through legal means and by persuasion to induce the district to deed the property back to Oscar, but without success. It is significant also that the Servaes brothers were in extremely poor financial circumstances and the property was about to be lost without satisfaction of any of their many debts. The three defendants lived together on the property; they were all interested in making the best possible arrangement to salvage something out of the property and the only person offering any hope was plaintiff Johnson acting on behalf of his friends, the Kehrers. It was

by the efforts of Johnson that MID was induced to accept the payment of the deficiencies and deed the property back to Oscar, and thus prevent a complete forfeiture of all interests of each of the three defendants. Once Johnson succeeded in getting title conveyed from MID to Oscar and the liens and other debts of defendants paid or released, all three defendants refused to perform the agreement unless an extra $6,000 was paid to Christine for her note.

The testimony that defendants were in financial trouble and were avoiding a display of funds or property reachable by attachment or execution, would support the inference that they wanted the purchase money paid in cash to Oscar so that they could make some adjustment of Christine's debt among themselves. An aura of doubt emanates from the record as to the sincerity of the three Servaes' with regard to Christine's intention to force Oscar to pay the note.

"In determining the adequacy of consideration, the relations of the parties and their love, affection, and regard for each other, as well as the object to be attained by the contract, must be considered. Insofar as these may amount to consideration they may be taken into account in determining adequacy." (45 Cal.Jur.2d, § 24, pp. 285-286.) (See also *Magee* v. *Magee,* 174 Cal. 276, 281 [162 P. 1023] ; *O'Donnell* v. *Lutter, supra,* 68 Cal.App.2d 376, 384.)

Also bearing on the question is the inference arising from the fact that Christine signed a request for reconveyance and specified that no money was to be paid to her. Although the MID did not accept the agreement, nonetheless the writing signed by Ted and Christine provides an additional inference supporting the finding that Christine and Ted agreed orally with plaintiff Johnson to clear Oscar's title of the deed of trust without payment of money directly to her, so that Oscar could salvage $15,000 out of a hopeless situation.

Viewing the foregoing evidence in the light most favorable to plaintiffs, and indulging all intendments and reasonable inferences which favor the trial court's findings, as we must (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557]), there is ample evidence of a substantial nature disclosing adequate consideration to support a decree of specific performance of the contract as against appellants Ted and Christine Servaes. The testimony of plaintiff Johnson concerning his oral agreement with Christine is sufficient, standing alone, to sustain the findings on that issue. It was held in *Francis* v. *City & County of San Francisco,* 44 Cal.2d

335, 340 [282 P.2d 496], that the testimony of one witness, if believed by the trier of fact and if not inherently improbable, is sufficient to sustain a finding. (See also *Gimbel* v. *Laramie*, 181 Cal.App.2d 77, 80 [5 Cal.Rptr. 88].)

Finally, we come to the alternative judgment. It provides that in the event defendants are unable to perform the agreement as ordered by the decree for specific performance, defendants shall pay to plaintiffs Kehrer by way of restitution the sum of $2,129.89 with interest. Clearly the alternative decree ordering restitution to plaintiffs Kehrer is proper. They advanced the money used to pay the debts of defendants, totaling the sum ordered restored to them by the judgment. These payments were made to clear title to Oscar's property and were made in reliance upon the agreement of defendants to deed the property to the Kehrers. Thus, equity requires reimbursement of this benefit conferred upon defendants pursuant to the agreement if specific performance cannot be had.

That part of the alternative judgment which provides that defendants pay to Harold Johnson the sum of $7,500 ''for the reasonable value of his services together with interest'' presents an entirely different question. The award is not by way of restitution, since the complaint alleges that plaintiff Harold Johnson rendered valuable services in recovering Oscar's title to said property and that he is entitled to recover the reasonable value of such services. Proof adduced on Johnson's behalf during the trial related for the most part to the value of his services as a real estate broker. The findings on this issue are simply that the allegations of the complaint are true.

Johnson is a licensed real estate broker and as such was acting on behalf of plaintiffs Kehrer, his clients and friends. He testified that he had no intention of charging any of the three defendants a fee and, additionally, that he was donating his services to plaintiffs Kehrer. Certainly Johnson could not recover under the theory of restitution because if services are rendered without any intention of expectation of payment, there can be no recovery therefor. (*Eklund* v. *Eklund*, 76 Cal. App.2d 389, 391 [173 P.2d 50]; *Moulin* v. *Columbet*, 22 Cal. 508, 510.) The cited authorities also prevent Johnson's recovery under the theory of contract. Additionally, there was no agreement in writing, as required by section 1624 subdivision 5, of the Civil Code, which provides that: ''An agreement authorizing or employing an agent or broker to purchase or

sell real estate for compensation or a commission . . ." must be in writing. Johnson attempts to circumvent the requirement of a writing by arguing that he is entitled to recover under the theory of *quantum meruit*. That this theory is untenable is apparent from *Preston* v. *Carnation Co.*, 196 Cal.App.2d 43 [16 Cal.Rptr. 240], wherein the court said, at page 46:

"The plaintiff should have known, under the circumstances, that unless the employment was evidenced by a writing he could not recover under either an oral contract or in *quantum meruit*." (See also *Augustine* v. *Trucco, supra*, 124 Cal. App.2d 229, 237.)

The evidence which established an oral agreement, together with Johnson's testimony that he did not intend to charge any party to the action for his services, preclude his recovery.

The decree ordering specific performance is affirmed. The alternative judgment of restitution in favor of plaintiffs Kehrer is affirmed. The judgment in favor of plaintiff Johnson is reversed.

Conley, P. J., and Brown, J., concurred.